ANNIE B. SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 99900.    Promulgated December 9, 1941.

*E. B. Hodges, Esq.*, for the petitioner.
*G. W. Reardon, Esq.*, for the respondent.

950.

## OPINION.

DISNEY: In this proceeding the respondent filed amended answer and seeks to increase the deficiency originally determined, on the ground that the gifts involved were of future interests in property. He relies primarily upon *United States* v. *Pelzer*, 312 U. S. 399, referring also to *Helvering* v. *Hutchings*, 312 U. S. 393, and *Ryerson* v. *United States*, 312 U. S. 405. By separate memorandum he calls our attention to *Welch* v. *Paine*, 120 Fed. (2d) 141. The petitioner, of course, contends that the gifts were of present interests and seeks to distinguish the above cases. In substance, the present case involves trusts under each of which the trustee holds the trust estate for the use of two children, is empowered and directed in his sole discretion to use the principal and income for their education and preparation for their positions in life, and is to convey to each beneficiary upon his reaching the age of 24 years his undivided portion of the estate then in the hands of the trustee, the gift, in case of the death of any beneficiary prior to distribution, to go to the survivor or, in case of the death of both beneficiaries, to another. The trustee may in his discretion determine whether receipts and disbursements shall be considered principal or income. The beneficiaries have no vested interest in the trust estate, except to enforce performance of the trust agreements. Such provisions, the respondent argues, require us to hold that the gifts are of future interests in property. The petitioner points to distinguishing features in the cases above named.

The trusts in the *Pelzer* case provided a definite waiting period of ten years, for during that time the trustee was required to accumulate the income and at the end of the trust divide the corpus and accumulated income among eight beneficiaries and any others after born. No discretion was vested in the trustee. The *Hutchings* case expressly recites that it does not consider whether the gifts are of future inter-

ests. In the *Ryerson* case the trust instrument particularly required income to be accumulated and added to corpus and the Court holds that the participants in the use and enjoyment of the trust principal and income were ascertainable only upon the happening of one or more uncertain events. No such contingencies are entailed in the instant proceeding. In the instant matter, the petitioner points out that the trustee was empowered and directed in his sole discretion to use both principal and income for the education of the beneficiaries and their preparation "to obtain and occupy an advantageous and desirable position in life"; and argues that such discretion in the trustee in effect eliminates the waiting period and leaves no similarity to the *Pelzer* case, since under general principles of law of trusts the beneficiaries could have compelled the application of at least a minimum amount of the principal and income to their use for the purposes stated in the trust instrument, and that there is no contingency here involved to affect the enjoyment of the gift, as in the *Ryerson* case.

Without the element of discretion in the trustee as to use of principal and income, the answer here would plainly be the same as in the *Pelzer* case, since otherwise here, as there, trust corpus is distributable only in the future. What then is the effect of the absolute discretion vested in the trustee herein as to use of both principal and income for the beneficiaries? It is patent that this query is not directly answered by any of the cases above analyzed. The only cases bearing directly upon this point which have been called to our attention or discovered by us are *Welch* v. *Paine, supra, Commissioner* v. *Taylor,* 122 Fed. (2d) 714, and *Helvering* v. *Blair,* 121 Fed. (2d) 945. In *Welch* v. *Paine, supra,* the trust instrument provided that income should become a part of principal and be accumulated and paid, with the principal, to the beneficiaries at the age of 21, and in the case of death of a beneficiary to his heirs at the date when he would have become 21 years of age. The trustee was empowered, however, to advance to the beneficiaries or for their benefit such sums out of their respective shares as he might in his absolute discretion deem necessary or advisable for their support, maintenance, or education. The court concludes that the interests donated were limited to commence in enjoyment at some future date, in keeping with the explanation of the statute contained in the committee reports. The court uses the following language: "The payment of such income is not merely postponed, for accumulation and eventual payment, along with principal, to the beneficiaries in equal shares, rather, the taxpayer reserves the power in his sole discretion to allocate and pay over the income to the beneficiaries in such proportions as he may determine, or to accumulate it." It is to be noted that the trust instrument there involved does not, as in the instant case, specifically provide that the discretion of the trustee extends to the use of principal for the benefit of the beneficiary; yet

the same power seems in fact to have been given the trustee, for the decision recites: "The trustee was empowered to advance to the beneficiaries, or for their benefit, such sums out of their respective shares as he might in his absolute discretion deem necessary * * *." Since this expression follows the recitation that income received was to become a part of principal and accumulated, it appears to be fair to conclude that the "shares" were shares of both principal and income and therefore we discern that discretion extended to both, as in the instant case. Moreover, the provision in the instant proceeding that principal could be distributed can not be given any particular weight, for the trustee in his discretion could decide whether receipts accretions (except stock dividends and stock rights) should be added to principal or income, and whether disbursements made should be charged to principal or to income. In other words, principal was such, to a large extent, only dependent upon the trustee's discretion, so the situation is not essentially different from that in *Welch* v. *Paine*. In one respect the trust instrument in the present case goes farther to indicate future interests than does the trust instrument in *Welch* v. *Paine*—in the latter the death of a beneficiary effected no gift over to any other person, the beneficiary's heirs becoming beneficiaries. whereas herein there was in case of such death of a beneficiary a gift over to the other beneficiary, or in case of his death, to another not otherwise a beneficiary. This fact, together with the provision that the trustee might in his discretion continue to hold indefinitely any trust corpus, the provision for absolute discretion in the trustee to use either principal or income for the benefit of the trust estate, the provision that during the entire term of the trust the whole title, both legal and equitable, in fee to the trust estate or any part thereof, is and shall be vested solely and absolutely in the trustee and no interest shall be vested in any beneficiary, the particular expression that it is the intent of the settlor that the only interest which a beneficiary shall or may have is personal property only, consisting of the right and power to enforce the due performance of the terms of the trust, the provision restraining any beneficiary from alienating his claimed beneficial or legal right to net income or principal, and the provision that such claimed interest shall not be subject to the liabilities, judgments, or legal processes against the beneficiary nor pass or descend by operation of law—all tend to indicate, we think, that the case here at hand is not to be distinguished from *Welch* v. *Paine* and that as therein stated in substance there was no mere postponement, but a reservation of right in the trustees either to pay or not to pay the beneficiaries— a limitation to future enjoyment within the congressional intent.

In *Commissioner* v. *Taylor, supra*, discretion on the part of the trustee is also involved, and the conclusion of the court is that there was a gift of a future interest. Therein the trust instrument pro-

954

vided life estates in choses in action in named children with powers of appointment and remainders over. Principal should be held for the use and benefit of the beneficiaries and income should be accumulated and paid to the minor beneficiaries at the age of 21 years, unless in the sole discretion of the trustees it should be needed for proper education or support. Although the life estates given to the minors vested immediately, the court considered that fact to be immaterial and in effect emphasized that it was sufficient if the enjoyment was for the future.

That in the consideration of this question effect must be given to discretion vested in the trustees as to permitting enjoyment of the trust by the beneficiary, as held in the two cases last cited, is further emphasized in *Helvering* v. *Blair, supra.* There the court disallowed the $5,000 exclusions claimed, holding that the value of the interests conveyed was uncertain during the period that the trustees held discretionary power and that the enjoyment of the trust was suspended. Therein property was conveyed in trust for the period of the longer of two lives, those of grantor's wife and his son. The instrument provided that during the wife's life the trust income should be applied to the use of any one or more of eight people (the wife and seven children) and the lawful issue of any children, in the absolute discretion of the trustees. Upon the death of the wife the income was to be applied to the use of the lawful issue of the grantor and his wife, but without any discretionary power. The instrument concluded with a gift of legal remainders upon the termination of the trust to the living lawful issue of the grantor and his wife, *per stirpes.* The court holds that the interests conveyed are future because of the continued discretionary powers of the trustees to change the original division, rendering it impossible to compute the value of the beneficiary's share at the time of the original division. It is apparent, of course, that the situation is not wholly analogous to that in the instant matter. Nevertheless, the case does give weight to the element of discretion in trustees as to payment to beneficiaries. The most recent expression upon this subject is found in *Commissioner* v. *Brandegee*, 123 Fed. (2d) 58. Therein trustees were given discretionary power to pay the net income from the trust property, in equal shares, to the beneficiaries, and after payment of mortgages or obligations against property acquired, were required to pay the net income to the beneficiaries. The court considers that the trustees were, in effect, authorized to accumulate the income to pay the encumbrances, with discretionary power to pay the beneficiaries, and says:

* * * It is true that the trustees have a discretion to pay the net income to the beneficiaries in equal shares; and the right of the beneficiaries to receive such income at any time the trustees should choose to give it to them is no doubt a kind of interest of which a court of equity may take cognizance. See *Fulham* v.

*Commissioner,* 110 F. (2d), 916, 918 (C. C. A. 1st, 1940). But if it may be called a present interest there is still the difficulty that such an interest is inherently incapable of valuation. *Helvering* v. *Blair,* 121 F. (2d) 945, 947 (C. C. A. 2d, 1941) [supra]. Where the absolute right of the beneficiaries to enjoyment of the income is postponed until the happening of a future event, a $5,000 exclusion in respect of each donee is not allowable to the donor under § 504 (b) merely because he has invested the trustee with an immediate discretionary power to make advancements. *Welch* v. *Paine,* supra; *Commissioner* v. *Taylor,* supra; *Helvering* v. *Blair,* supra. And this is so whether or not the trustee happens to pay over income to the beneficiaries during the year in which the gift is made. The nature of the interest of the donees is determined as of the date of the gift, not by what the trustee may subsequently choose to do in the exercise of his discretionary power. See *Helvering* v. *Blair,* supra, at p. 947.

If and when the mortgages and encumbrances are discharged in full the interest of the beneficiaries, theretofore contingent upon the trustees' discretion, is succeeded by a more substantial interest, for the trustees in such event come under a mandatory duty to pay the net income in equal shares to the survivor or survivors of the children and to the issue of any deceased child per stirpes. But viewed from the date of the 1937 gift, such succeeding interest is clearly a "future interest" under the decided cases. The unqualified right to income is limited to commence in use and enjoyment at a future date or time. See definition of "future interests" in Article 11 of Treasury Regulations 79 (1936 ed.). * * *

From the above cases we conclude that there is involved in the discretion of the trustees as to the enjoyment of income by beneficiaries, a contingency or postponement requiring enjoyment of the gift to be considered limited to the future. Only when and if the discretion is exercised, and exercised to permit enjoyment of the gift, is the gift to be regarded as enjoyed. Under the facts herein involved, either or both beneficiaries might die before the exercise of discretion by the trustees, the gift would go to another, and neither income nor corpus benefit either beneficiary or his estate. The answer to petitioner's view that the trustee's failure to devote at least a minimum to the requirements of the beneficiaries would be cognizable in equity, is found in the expression from Restatement of the Law of Trusts cited by her, for after stating the rule contended for, the Restatement qualifies it by adding "unless otherwise provided by the terms of the trust." The trust instrument here, referring to the trustee's power, reiterates as to "sole discretion"; "according to his own judgment and discretion"; "his absolute discretion"; as to exercise of all of the powers "exercised by persons owning similar property in their own right"; "all decisions made by the trustee in this regard (devoting principal or income to trust purposes) in good faith shall be final and conclusive upon all parties in interest"; that the trustee's judgment (in regard to division and valuation of estate) shall be "final and conclusive upon all persons interested in the estate." "The trustee shall be entitled to full credit and protection for all amounts distributed in the exercise of the discretion hereby given him." Clearly, we think, this trust

instrument contemplated no control by a court of equity over the discretion of the trustee.

In the light of the above decisions, we are of the opinion and hold that the interests conveyed by the trust instrument set up by the petitioner were gifts of future interests in property within the purview of section 504 (b) of the Revenue Act of 1932 and that the respondent erred in allowing exclusions with respect thereto under the statute.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

MELLOTT, dissenting: The essence of the test applied in all of the cases cited in the majority opinion is: Did the beneficiaries receive, at the time of the creation of the trust, "a right to the present enjoyment of the corpus or of the income"? They did not where the income was to be accumulated for ten years at the end of which it was to be distributed to a class, the members of which could not be ascertained until then (*United States* v. *Pelzer*); where the enjoyment of the trust fund by the beneficiaries was postponed until such time as they, in their capacity as trustees, should join in the exercise of a power (*Ryerson* v. *United States*); where the settlor-trustee, in his sole discretion, could hold the trust property for his lifetime and pay over to his children such amounts as he should determine (*Welch* v. *Paine*); or where the beneficiaries had no more than contingent interests, dependent upon the trustee's discretion (*Helvering* v. *Blair* and *Commissioner* v. *Taylor*).

Under the trust instrument in the instant proceeding the settlor established trusts for the education of her two 16-year old grand-daughters and her two 19-year old grandsons and to prepare them "to attain and occupy an advantageous and desirable position in life." The amount set aside for each was approximately $5,000. That she expected all of it to be expended, commencing immediately, is indicated by several circumstances. The trustees were to use the "*principal* and income." The annual income reasonably to be antici-pated from a corpus of $5,000 would not exceed $250 or $300. It is not unreasonable to assume that she realized such a small annual income could not be expected to provide the expenses of a year in college. The unusual sequence of the words "principal and income" indicates that she expected the principal to be used immediately for the designated purposes. This view is strengthened when consideration is given to the clause authorizing payment of either principal or income "direct to said minor, or to his natural guardian, without requiring qualification according to law." Moreover, the references in other sections of the trust instrument to the discretion of the trustee do not, in my judgment, justify a holding that the gift can

"be regarded as realized" only when the trustee has exercised his discretion "to permit enjoyment of the gift." His discretion was "to use the principal and income" for the designated purpose—to determine which should be used rather than to determine whether either should be used. In other words, the property was to be used for the designated purpose and could not arbitrarily be withheld by the trustee. Nor should article sixth of the trust instrument be ignored in this connection. Under it the trustee is authorized to expend any or all of the *principal* for the personal care and maintenance of the beneficiaries, if in his judgment and discretion necessary, and is also authorized to pay for any or all professional or medical care. As to the latter no specific discretion or judgment is vested in the trustee.

It seems to me that the beneficiaries had an absolute right, under article first (b) of the trust instrument, to have the principal and income used for the designated purpose. Under article sixth they had the absolute right to require the payment of medical attention out of principal and a right, enforceable in equity, to require the expenditure of a reasonable amount for their personal care and maintenance. The aggregate of all these rights is surely " a right to the present enjoyment of the corpus or income."

In spite of the language quoted by the majority from *Commissioner* v. *Brandegee* that case is not a very satisfactory authority upon which to rest a conclusion that the gift in the instant proceeding is one of future interest. The court remanded the proceeding to the Board "on the issue whether the beneficiaries took future interests in property." It held that if petitioner can establish "that when the gift was made in 1937 there were no mortgages or other encumbrances outstanding, the existence of which would postpone the unqualified right of the beneficiaries to enjoyment of the net income", she must prevail in her contention that the gift was of a present interest; for then the trustee would be required to pay the net income to the beneficiaries. As to this phase the court held that "the gift of an immediate life interest in income is to be regarded as a present interest", pointing out that "in ordinary usage a life tenant under a trust, having the right to the immediate beneficial enjoyment of the income, is considered as having a present interest, even though possession of the corpus is withheld from him or postponed." Cf. *Kinney* v. *Anglim,* 43 Fed. Supp. 431. The cited case, therefore, is but an application of the rule enunciated by the Supreme Court in the *Pelzer* and *Ryerson* cases.

Being of the opinion that the beneficiaries in the instant proceeding have a present interest in the property placed in trust for them by their grandmother, I respectfully note my dissent.

Murdock, Van Fossan, Turner, and Harron agree with this dissent.