WINSTON PAUL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104028.   Promulgated April 10, 1942.

*Wright Matthews, Esq.*, for the petitioner.
*Frank B. Schlosser, Esq.*, for the respondent.

### OPINION.

BLACK: The Commissioner has determined a deficiency of $1,200 in petitioner's gift tax for the year 1937.   In his deficiency notice the Commissioner stated:

It is held that the trust is the donee in this instance and that only one exclusion of $5,000.00 is allowable for purposes of computing the gift tax due.

The petitioner, in filing his gift tax return, had taken four $5,000 exclusions.   Following the Supreme Court's decision in *United States* v. *Pelzer*, 312 U. S. 399, the Commissioner was given leave to file an amended answer in which he alleged that the gifts in question were of future interests in property and that he had erred in allowing any $5,000 exclusion and asked that the deficiency be increased to $1,650 instead of the $1,200 determined in the deficiency notice.   The petitioner filed a reply to the Commissioner's amended answer, in which he denied that the gifts were of future interests and alleged that the gifts were of present interests and were nine in number and that he is entitled to nine exclusions of $5,000 each; that there is no deficiency, but that on the contrary there was an overpayment of $900 in gift tax for the taxable year, and asks judgment of refund for that amount.   A rehearing was held on these amended pleadings.

The facts have been stipulated and we adopt the facts as stipulated as our findings of fact. From them we state the following facts:

Petitioner is an individual who resides at Houston, Texas. Petitioner filed a timely gift tax return for the year 1937 with the collector of internal revenue for the first district of Texas at Austin, Texas.

By a trust indenture dated January 20, 1937, petitioner irrevocably conveyed to Dallas S. Townsend, trustee, 10,000 shares of the common stock of the Paulwin Petroleum Co. for the benefit of the individuals and institutions named in said trust indenture. The fair market value of the 10,000 shares of common stock of the Paulwin Petroleum Co. was $100,000 at the time of the gifts.

The trustee was to pay over and deliver the principal and income of the trust as follows:

A. During the life of the settlor (petitioner) the net income of the trust was to be paid to the following named beneficiaries "in such proportion as the trustee may in his absolute discretion determine":

* * * The Settlor's wife, URSULA M. PAUL, the Settlor's children, RUTH U. PAUL and MIRIAM U. PAUL, the children of the said URSULA M. PAUL, NIGEL G. BOIS and MICHAEL D. BOIS, G. P. WHITE, or the survivor or survivors of them, YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE CITY OF NEW YORK, CITIZENS UNION OF THE CITY OF NEW YORK, NATIONAL CIVIL SERVICE REFORM LEAGUE.

B. Upon the death of the settlor (petitioner) the net income was thereafter to be paid to the settlor's wife, Ursula M. Paul, during her life.

C. Upon the death of the survivor of the settlor and his wife, Ursula M. Paul, the trust terminates and the trustee shall pay over the then trust fund, with any accumulated or unpaid income thereon, in equal parts, share and share alike, to the settlor's children, Ruth U. Paul and Miriam U. Paul, and the children of the said Ursula M. Paul, Nigel G. Bois, and Michael D. Bois, or the survivor or survivors of them, and the issue collectively of any deceased child, provided, however, that there should be no distribution of principal to any of the above mentioned children until he or she reached the age of 25 years.

Since the property conveyed to the trust consisted only of 10,000 shares of the common stock of the Paulwin Petroleum Co., the amount and rate of annual income to be earned by the trust upon the property conveyed to it was not determinable at January 20, 1937, the date of the gifts.

The birth date of the settlor of the trust, Winston Paul, was October 31, 1887, and he was 49 years of age at the date of the creation of the trust. The birth dates of the individual beneficiaries of the net income

of the trust as granted by paragraph A of the trust indenture were as follows:

| | | | |
|---|---|---|---|
| Ursula M. Paul | Dec. 2, 1900 | Nigel G. Bois | Jan. 10, 1921 |
| Ruth U. Paul | Mar. 29, 1917 | Michael D. Bois | Dec. 29, 1926 |
| Miriam U. Paul | Mar. 29, 1917 | G. P. White | Dec. 15, 1891 |

Petitioner in his brief concedes that the disposition of the corpus of the trust provided for in paragraph C of the trust indenture constituted gifts of future interests and thus that with respect to the corpus of the trust no $5,000 exclusions are allowable. Petitioner contends, however, that the gifts of the income from the property conveyed in trust were of present interests in property and that each gift was of a value of $5,669.85 and that as to each such income gift, petitioner is entitled to an exclusion of $5,000. Petitioner concedes that, inasmuch as the property which was given was common stock of a corporation, it was impossible to determine at the date of the gifts the amount of income which would be received by the respective beneficiaries during the life of the trust. Petitioner contends, however, that it is possible to arrive at the value of the gifts of the income from the property in the following manner:

Art. 19 (7), Regulations 79, provides for the valuation of annuities, life interests, etc., by reference to Table A made a part of said Article, and that "if the rate of annual income is not determinable, or if the donor is entitled merely to the use of nonincome-producing property, a hypothetical annuity at the rate of 4 per cent of the value of the property should be made the basis of the calculation." Since the rate of income of the Trust here involved was not determinable, and since the value of the property donated was $100,000.00, use of the 4% rate provided by Art. 19 (7), Regulations 79, results in a hypothetical annuity of $4,000.00 from the entire Trust property.

The nine beneficiaries named in paragraph A of the Trust Indenture were entitled to the income of the Trust during the life of the Settlor, who was 49 years of age at the date of the gift. Reference to Table A under Art. 19, Regulations 79, shows that the present value of $1, due at the end of each year during the life of a person 49 years of age is $12.75716.

The present value of the $4,000.00 hypothetical annuity at the date of the gift then was $51,028.64; or $5,669.85 of value for each of the nine beneficiaries of the income of the Trust.

There has been no stipulation of the value of the income interests which were given to each of the nine beneficiaries of the trust. The only stipulation as to value is that the 10,000 shares of the Paulwin Petroleum Co. which was the subject of the gift was $100,000 at the date of the gift.

When we consider the language of the trust indenture empowering and directing the trustee as to the distribution of income, we must hold that the gifts of income from the property were of future interests and that, notwithstanding the formula which petitioner urges in his brief, it would have been impossible to have valued, at the time of the gifts, the income interest of any particular beneficiary

of the trust. In this respect the gifts were very similar to those in *Helvering* v. *Blair* (C. C. A., 2d Cir.), 121 Fed. (2d) 945. The following provisions taken from the first trust involved in the *Blair* case and from the trust indenture involved in the instant case will demonstrate the striking similarity between the provisions of the two trusts.

| *Blair Trust* | *Winston Paul Trust* |
|---|---|
| The trustees were to apply the income of the trust "to the use of any one or more of the following who may be living [his wife and his seven children] and to the lawful issue of any of my said children in such proportions as shall * * * seem proper to the Trustees in their absolute discretion." | The trustee was directed in the trust indenture "To pay the net income thereon during the life of the settlor to the following named beneficiaries, in such proportion as the trustee may in his absolute discretion determine": [Here follows the names of the nine beneficiaries of the trust.] |

In the *Blair* case, after stating the arguments of the taxpayer to the effect that the gifts of income were of present interests, the court said:

The difficulty with this reasoning is that it ignores the continued power of the trustees to change the original division, during the wife's life in the case of the first trust; and during the trusteeship of Montgomery and William D. in the case of the second. It was the prime purpose of the trusts that the trustees should have this power, and presumably that they should exercise it. How then is it possible to compute the value of any beneficiary's share at the time of the original division? The allocation might be changed the next day, and the interest which succeeded the interest first awarded would be a "future interest" within § 504 (b). In order to calculate the value of an interest subject to such a condition, we should have to have some actuarial basis for the probability that trustees who had once made such a division would not disturb it. Obviously nothing of the kind is available or would in all likelihood be a sound basis for inference if it was compiled. [Citing authorities.]

Petitioner contends that the *Blair* case is distinguishable from the instant case in that in the *Blair* case the trustees were given the discretion to pay *all* the income of the trust to *any one* beneficiary, whereas in the instant case, the trustee had no such power. However, the trust indenture in the instant case empowered the trustee *in his absolute discretion* to give as much of the income of the trust to any one beneficiary as he chose and as little to the other beneficiary as he chose. In other words, each year he could shift the proportions of the income among the respective beneficiaries in any proportions that he chose. "How then" as the court pointed out in the *Blair* case, "is it possible to compute the value of any beneficiary's share at the time of the original division?" As we view the matter, it can not be done. In Paul's Federal Estate and Gift Taxation, vol. 2, par. 15.11, after discussing *Welch* v. *Paine*, 120 Fed. (2d) 141, where the court held that the gifts were of future interests, the author says:

* * * *A fortiori* the same conclusion should follow where the trustee may allocate the income among the various beneficiaries in such proportions as he

deems proper instead of accumulating the income. The Second Circuit, in holding that a right to income which is dependent upon the favorable exercise of such power is a future interest, has emphasized the actuarial impossibility of measuring the value of such a right. This is particularly true where the trustees are to enjoy their discretionary power until they cease to act as trustees. [Citing *Helvering* v. *Blair, supra*.]

Following the foregoing authorities we hold that petitioner is not entitled to any $5,000 exclusion in the determination of his gift tax for the year 1937.

In the alternative, petitioner contends that if it should be held that he is not entitled to nine exclusions of $5,000 each because of the discretionary power of the trustee as to apportionment of income between the beneficiaries, at all events he is entitled to a minimum of one exclusion of $5,000, for the trustee was granted no power to accumulate the income—he must distribute it—and, regardless of how he might apportion the income, at least one of the beneficiaries would receive income of a value substantially in excess of $5,000. We think this argument is without merit. It is, of course, true that several of the income beneficiaries of the trust may receive in excess of $5,000 over the life of the trust, but which ones? No one could tell at the time of the gift and, as the court pointed out in the *Blair* case, *supra*, it is this very uncertainty which makes the gifts impossible of valuation at the time of the gifts and therefore of future interests rather than of present interests. And it may be remarked that the value of the gift to any one of the nine beneficiaries is just as uncertain as the others. Therefore, the gifts to all nine of the beneficiaries are of "future interests." Where the gifts are of future interests, even though it may turn out that the recipients may receive in excess of $5,000, there can be no $5,000 exclusions. See section 504 (b), Revenue Act of 1932.

> *Decision will be entered that there is a deficiency of $1,650 in petitioner's gift tax for 1937.*