J. Gibson McIlvain v. Commissioner.
McIlvain v. Commissioner
Docket No. 110569.
United States Tax Court
1943 Tax Ct. Memo LEXIS 470; 1 T.C.M. (CCH) 558; T.C.M. (RIA) 43059; February 4, 1943
*470 Frank A. Moorshead, Esq., 1600 Intergrity Bldg., Philadelphia, Pa., for petitioner. Harry L. Brown, Esq., for respondent. HILL Memorandum Findings of Fact and Opinion HILL, J.: This proceeding is for the redetermination of deficiencies in gift tax for the years 1938 and 1939 in the amounts of $1,040.62 and $1,311.54, respectively. The sole issue is whether or not certain gifts in trust made by petitioner during the taxable years were gifts of future interests in property. The facts were stipulated by the parties. Findings of Fact The petitioner is a citizen of the United States, residing at Downingtown, Chester County, Pennsylvania, and the gift tax returns for the years 1938 and 1939 were filed by petitioner with the collector of internal revenue at Philadelphia, Pennsylvania. The deficiency for 1938 arises solely by failure of the Commissioner to allow an exclusion of $5,000 for each of the three sons of donor, Francis H. McIlvain, J. Gibson McIlvain, Jr., and Robert M. McIlvain for the year 1938. The deficiency for 1939 arises solely by failure of the Commissioner to allow an exclusion of $4,000 for each of the three sons of donor for the year 1939. On December 30, 1933, *471 petitioner executed a deed of trust, conveying certain corporate stocks and policies of life insurance to his wife, Isabel Huston McIlvain, and son, Francis H. McIlvain, in trust for the purposes therein stated. The provisions of the trust deed pertinent here are as follows: First - To pay all or such part of said net income to my wife, Isabel Huston McIlvain, for life or for such lesser period as she may desire. That upon the death of my said wife, or if she should decide not to receive said income in whole or part, then to pay the remainder of said income or all of said income, as the case may be, to my three sons, Francis M. McIlvain, H. McIlvain, J. Gibson McIlvain, Jr., and Robert in equal shares and after the death of their mother, Isabel Huston McIlvain, or if their mother has decided not to thereafter receive said income, then as and when each of my said sons respectively attains the age of thirty (30) years he shall have the right to withdraw from said trust that portion of the principal from which he was receiving the income. Second - Subject, as above provided, that after reaching the age of thirty (30) years and desiring to leave said principal in trust, each *472 of my said sons shall have the right by his last Will and Testament or other instrument in writing, to dispose of his proportionate share of the principal thereof. Third - That should any of my said sons die before attaining the age of thirty (30) years leaving issue him surviving, the income from his proportionate share of the principal shall, subject to the provisions of the first paragraph hereof, be paid to such issue, per stirpes and not per capita, until they respectively attain the age of twenty-one (21) years when the principal shall be distributed to and among such issue. Fourth - Subject to the provisions of the first paragraph hereof, that should any of my said sons die without leaving issue him surviving or should his issue die before attaining the age of twenty-one (21) years, then the share of income that said deceased son was receiving shall be divided equally between my surviving sons, if living, if either of them be dead leaving issue him surviving then said income shall be divided between the surviving son and the issue of the deceased son. If none of my sons are surviving then said income shall be divided, per stirpes and not per capita, *473 among the issue of my deceased sons. Fifth - That should all of my said sons die without issue him surviving before attaining the age of thirty (30) years, then said income shall be paid to my wife, Isabel Huston McIlvain, for life. Sixth - That upon the death of my wife and all of my said sons without issue, during my life, then said income shall be paid to me, J. Gibson McIlvain, the settlor, for life. Seventh - That upon the death of the last survivor of my wife and myself, leaving no lineal descendants, said principal then remaining in trust shall be distributed in accordance with the terms of the last Will and Testament of the survivor. Eighth - That in the event that my said wife, Isabel Huston McIlvain, elects to take all or part of the income from said principal so held in trust and said income is insufficient for her maintenance and support, then I direct that the Trustees snall have the power, in their sole judgment and discretion, to spend such amount as may be necessary from the principal thereof for the support and maintenance of my said wife. Ninth - The income payable under all of the foregoing clauses shall be paid every three (3) months *474 if convenient to my Trustees. * * * * *
Eleventh - Trustees shall in their sole discretion apply the income to which any beneficiary shall be entitled hereunder, for the maintenance and support of such beneficiary, should he or she by reason of age, illness, or any other cause, in the opinion of trustees, be incapable of disbursing it. * * * * *
In 1938 the petitioner added to the corpus of the trust the amount of $53,759.40. In 1939 petitioner added to the corpus of the trust the amount of $29,248.11. For the year 1936 the total income from the trust amounted to $3,253. The petitioner's wife elected to take no income, and all but $253 was distributed to petitioner's three sons, each taking $1,000. For the year 1937 the total income from the trust amounted to $1,656.45. Again petitioner's wife elected to take no income and $750 was distributed to petitioner's three sons, each taking $250, leaving $906.45 for future distribution. For the year 1938 the total income from the trust amounted to $6.27. Again petitioner's wife elected to take no income, and the balance of income for the years 1936 and 1937 of $1,159.45 was distributed to petitioner's three sons, two receiving *475 $386.48 each and the third $386.49. For the year 1939 the total income from the trust amounted to $6,059.50. Petitioner's wife elected to take $500, and a balance of $5,388 was distributed to petitioner's three sons, each receiving $1,796. Opinion In his return for 1938, petitioner claimed total exclusions of $20,000 from the aggregate gifts made in that year by way of additions to the 1935 trust, that is, an exclusion of $5,000 for each of the four beneficiaries consisting of his wife and three sons. Respondent allowed only one $5,000 exclusion for the wife on the ground that the gifts to the sons were gifts of future interests in property, and hence no exclusion could be allowed in respect of the gifts to the sons under section 504 (b), Revenue Act of 1932, applicable to the year 1938. In his amended return for 1939, petitioner claimed no exclusion from total gifts; respondent allowed one exclusion of $4,000, and petitioner now contends that he is entitled to four exclusions amounting to $16,000. Section 1003 (b) (2), Internal Revenue Code, provides that in the case of gifts (other than gifts in trust or of future interests in property) made during the calendar year 1939, the *476 first $4,000 shall not, for purposes of the gift tax, be included in the total amount of gifts made during such year. It would thus appear, on the face of the record, that petitioner would be entitled to no exclusion for 1939, but at the hearing the parties stipulated that for the year 1939 petitioner made a gift to his wife, other than the gift in trust, which was sufficient to support respondent's allowance of the exclusion to her. However, respondent contends that no exclusion is allowable in respect of the three sons for the reason that the gifts of income to them were gifts in trust, and also of future interests in property. There is no contention that the gift of the corpus was not a gift of a future interest, since the sons could not receive their respective portions until the death of their mother and until they had attained the age of 30 years. It follows that the question presented here is whether or not the gifts of income made to the sons were gifts of future interests in property, or in trust. Under the trust instrument, petitioner gave all or part of the net income to his wife for life or for such lesser period as she might desire. Upon the death of his wife, or if *477 she should decide not to receive the income in whole or in part, then the remainder of the income or the whole thereof, as the case might be, was to be paid to the three sons. As to the sons, we think the income constituted gifts of future interests in property for the reason that the possession, use and enjoyment of any part of the income was postponed until the happening of a future and uncertain event, namely, the election of the mother not to receive the income in whole or in part. On principle, the present proceeding is not distinguishable from Ryerson v. United States, 312 U.S. 405 (25 AFTR 1191). There, separate equal shares of the corpus of the 1933 trust were given to the two trustees in the event of their joint request that that trust be terminated. These were held to be gifts of future interests in property because "in any case use and enjoyment of any part of the trust fund by either [trustee] was postponed until such time as both joined in the exercise of the power." Obviously, it was within the discretion of the petitioner's wife, who was one of the trustees and primary beneficiary of income, to cause the income, or any *478 part of it, to be paid to the three sons, merely by electing not to receive it herself. But we have repeatedly held that where payment of income or principal to the beneficiary is discretionary with the trustee, what would otherwise be a gift of a future interest in the property is not thereby converted into a present interest within the meaning of the gift tax statute. Annie B. Smith, 45 B.T.A. 948; Winston Paul, 46 B.T.A. 920; Lillian Seeligson Winterbotham, 46 B.T.A. 972; Alma S. Hay, 47 B.T.A. 247. See also Welch v. Paine, ( CCA-1) 120 Fed. (2d) 141, (1941 P.H. p. 63189). Petitioner urges most strongly that, because his wife, who was the primary beneficiary of the trust, was the mother of the three sons, the gift of income to the wife should be considered as a gift of income at least in part to the sons; that whatever portion of the income she elected to take, she could be expected to divide with her sons, and any portion she elected not to receive would be distributable to them. We can not agree with petitioner's argument. *479 If the mother elected to take the income and then gave a portion of it to her sons, she herself would have made a gift thereof to the sons, but until the mother elected not to receive the income, the sons had no present interests therein under the father's deed of trust. It may also be noted that in Welch v. Paine, supra, the settlor was the father of the minor children, who were the beneficiaries, and named himself trustee, with discretion to distribute the income to or for the benefit of the children. Yet the court found no diffculty in concluding that the gifts were of future interests. In Lillian Seeligson Winterbotham, supra, where we reached a similar conclusion, the settlors were husband and wife who conveyed to themselves as trustees income interests in certain property for the benefit of their three children. On authority of the cited decisions, we hold that the income interests given by petitioner to his three sons were gifts of future interests in property, and in respect thereof he is not entitled to any exclusion for either taxable year. The deficiencies determined by respondent are approved. Decision *480 will be entered for respondent.