*625 The opinion of the Supreme Court was delivered by
Mr. Justice Stone,
as follows:
Decision in thig case turns on the question whether certain gifts of property in trust for the benefit of several beneficiaries are gifts of “future interests” which, in the computation of the gift tax, are, by § 504 (b) of the 1932 Revenue Act, 47 Stat. 169, 247, denied the benefit, otherwise allowed, of exclusion from the computation to the extent of the first $5,000 of each gift “made to any person by the donor” during the calendar year.
Sections 501 (a) and 502 (1) of the 1932 Act impose for each calendar year a tax upon the net amount of transfers “by any individual ... of property by gift.” For the purpose of computing the tax § 504 (b) provides “In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts . . . shall not ... be included in the total amount of gifts made during such year.”
In 1932 the taxpayer, respondent here, created a trust for the benefit of his eight grandchildren and any other grandchildren who might afterward be born during- the term of the trust. The trustee was directed to accumulate the income for a period of ten years and thereafter to pay an “equal grandchild’s distributive share” of the income to each of the named grandchildren who were then living and twenty-one *626 years of age and to pay a like share of income to each other named grandchild for life after that child should reach the age of twenty-one years. Provision was made whereby .grandchildren born after the creation of the trust and during its life were to receive like participation in the income of the trust except as to distributions of income made prior to the .birth of such after-born grandchildren, and except that the after-bom grandchildren should be paid their shares of the income during their respective minorities after the termination of the ten-year accumulation period. The trust instrument also made gifts over of the share of the income of cacti grandchild at death, the details of which are not now material. It was further provided that the trust should terminate twenty-one years after death of the last survivor of the named grandchildren, when the corpus of the trust, with accumulated income, was to. be distributed in equal shares among the surviving grandchildren and the issue per stirpes of all deceased grandchildren.
During the years 1933, 1934, and 1935, the taxpayer added further amounts of property to the 1932 trust. In 1934 he also. made gifts directly to his three granddaughters and created a trust to pay the income in equal shares to his wife and three daughers with gifts over of each share of the corpus of the trust upon the death of the life tenant.
Upon claims for refunds of overpaid taxes upon the transfers made in the years 1933,1934, and 1935, the commissioner recomputed the tax and allowed one $5,000 exclusion only from the net amounts subject to gift tax given or added in each year to each trust. In the present suit, brought in the Court of Claims, respondent sought to recover overpaid taxes for the years in question on the grounds that the gifts to the beneficiaries were gifts of present not future interests and that the taxpayer in the computation of the tax for each year'was entitled to one exclusion of $5,000 for each beneficiary. The court sustained both contentions and gave judgment for respondent accordingly. 31 Fed. Supp. 770. (91 C. Cls. 614.) We granted certiorari October 21, 1940, to resolve the conflict of the decision below with that of the Seventh Circuit in Ryerson v. United States, 114 F. (2d) 150. (312 U. S. 260.)
The Government challenges both grounds of decision below. It argues that only a single $5,000 exclusion is allowable under § 504 (b) from the total gifts made to the trust in each calendar year and that if the gifts are deemed to be made to the named beneficiaries of the trust no deduction can be allowed in the case of gifts to the 1932 trust because they were of future interests for which no exclusion is allowed by § 504 (b).
*627 We have this day decided the first question, in No. 419, Helvering v. Hutchings, (312 U. S. 219) in which we held that in the case of gifts in trust the beneficiaries are the persons to whom the gifts are made and that for purposes of computation of the tax-§ 504 (b) excludes the first $5,000 in value of the gift to each beneficiary from the taxable amount of the gifts made in the calendar year. For the reasons stated in our opinion in that case we hold that the first beneficiaries, of the trusts in this case are the persons to whom the gifts were made and that the taxpayer is entitled to the benefit of the $5,000 exclusion for each gift to such beneficiary if it is not of a future interest.
But the Government argues here, as it did below, that the gifts to the beneficiaries of the 1932 trust are of future interests within the meaning of the statute and treasury regulations. While the eight named grandchildren are the first beneficiaries of the trust, and the persons to whom the gifts were made, none of them takes any benefit from the trust before the end of the ten-year accumulation period or until he is twenty-one, whichever last occurs, and then only if he survives that event. And the question is whether such a gift is a gift of a “future interest” within the meaning of § 504 (b). Respondent, relying on statutes and judicial decisions of Alabama, where the trust was created and is being administered, insists that the gifts to the named grandchildren are present not future interests as defined by Alabama law. He argues that as § 504 (b) does not define the “future interests” gifts of which are excluded from its benefits, they must be taken to be future interests as defined by the local law, and it is the local law definition of future interests which must be adopted in applying the section. But as-we have often had occasion to point out, the revenue laws are to be construed in the light of their general purpose to establish a nation-wide scheme of taxation uniform in its-application. Hence their provisions are not to be taken as subject to state control or limitation unless the language or necessary implication of the section involved makes its application dependent on state law. Burnet v. Harmel, 287 U. S. 103, 110; Morgan v. Commissioner, 309 U. S. 78, 81.
We find no such implication in the exclusion-of gifts of “future interests” from the benefits given by § 504 (b). In the absence of any statutory definition of the phrase we look to the- purpose of the statute to ascertain what is intended. It plainly is not concerned with the varying local definitions-of property interests or with the local refinements of conveyancing, and there is no reason for supposing that the extent of the granted tax exemption was intended to be given a corresponding variation. Its purpose was rather the pro- *628 tectum of the revenue and the appropriate administration of the tax immunity provided by the statute. It is this purpose which marks the boundaries of the statutory command. The committee reports recommending the legislation declared (H. Rept. No. 708, 72d Cong., 1st Sess., p. 29; S. Rept. No. 665, 72d Cong., 1st Sess., p. 41):
“The term ‘future interests in property’ refers to any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. The exemption being available only insofar as the donees are ascertainable, the denial of the exemption in the case of gifts of future interests is dictated by the apprehended difficulty, n many instances, of determining the number of eventual donees and the values of their respective gifts.”
Article XI of Treasury Regulation 79,1933 and 1936 editions, interpreting § 504 (b), declared that “future interests” include any interest or estate “whether vested or contingent, limited to commence in use, possession or enjoyment at some future date or time.” This definition stands unchanged in the regulations and while § 504 (b) was amended by § 505 of the 1938 Revenue Act so as to withdraw the benefit of the $5,000 exclusion from all gifts in trust the section as amended continues to withhold the benefit of the exclusion from all gifts of “future interests in property.”
We think that the regulations, so far as they are applicable to the present gifts, are within the competence of the Treasury in interpreting § 504 (b) and effect its purpose as declared by the reports of the Congressional committees, and that the gifts to the eight beneficiaries of the 1932 trust were gifts of future interests which are excluded from the benefits of that section. Here the beneficiaries had no right to the present enjoyment of the corpus or of the income, and unless they survive the ten-year period they will never receive any part of either. The “use, possession, or enjoyment” of each donee is thus postponed to the happening of a future uncertain event. The gift thus involved the difficulties of determining the “number of eventual donees and the value of their respective gifts” which it was the purpose of the statute to avoid.
We have no occasion to consider the definition of future interests in other aspects than those presented by the present case. The judgment of the Court of Claims will be reversed so far only as it excluded the gifts to the 1932 trust from the computation of the tax for each of the years in question.