**HOPKINS v. MAGRUDER (two cases).**

Nos. 4792, 4793.

Circuit Court of Appeals, Fourth Circuit.

Sept. 10, 1941.

[16] Reg. v. Francis, [1874] L.R. 2 Crown Cas. 128.

Charles E. Quandt, of Baltimore, Md. (Carlyle Barton, of Baltimore, Md., on the brief), for appellant in No. 4792 and appellee in No. 4793.

Hubert L. Will, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Bernard J. Flynn, U. S. Atty., and T. Barton Harrington, Asst. U. S. Atty., both of Baltimore, Md., on the brief), for appellee in No. 4792 and appellant in No. 4793.

Arthur L. Jacobs, Sp. Asst. to Atty. Gen., on brief for appellant in No. 4793.

Before PARKER, DOBIE, and NORTH-COTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

These are two actions brought by David Luke Hopkins, here referred to as the taxpayer, in the District Court of the United States for the District of Maryland against M. Hampton Magruder, Collector of Internal Revenue for the District of Maryland, here referred to as the defendant. The object of both actions was to recover refunds of certain federal gift taxes. Both cases were heard together and the judge below found for the defendant in case No. 4792 and for the taxpayer in case No. 4793. Both losing parties appealed from the judgments entered on the findings.

The facts in case No. 4792, which were stipulated, are as follows:

On or about May 21, 1924, taxpayer purchased and took title to the fee simple property located at Bellona and Brightside Avenues, Baltimore County, Maryland. On December 18, 1925, taxpayer conveyed a life estate in said property to his mother, Isabel Luke Hopkins, reserving the estate in reversion to himself. On February 12, 1927, the taxpayer married Katherine D. Porter. On December 26, 1934, by mesne conveyances, taxpayer transferred said property to himself and his wife, Katherine D. Porter Hopkins, as tenants by the entireties,

subject to the aforesaid life estate of his mother. Taxpayer filed a return of this transfer but admitted no liability for gift tax thereon. Thereupon, the Commissioner of Internal Revenue determined that there was a taxable gift, and assessed a tax in respect thereto of $178.83; and in computing the value of the property on which the tax was assessed, he refused to allow as a deduction therefrom the value of the dower interest of taxpayer's wife. On October 16, 1937, the taxpayer, upon demand by the Collector, paid the aforesaid tax, together with interest, this payment amounting in all to $205.46. On February 24, 1938, the taxpayer filed with the Collector a claim for refund of this amount plus interest thereon to the date of refund, which said claim was rejected March 31, 1938, and the present suit resulted.

The only questions involved in the appeal in this case is whether the wife of a holder of a reversionary interest subject to a life estate has a dower right in that interest under the Maryland law, and whether, if the wife has such an interest, it can be so valued as to be deducted from the value of the estate conveyed in the entireties.

The applicable tax statute, Section 501 of the Revenue Act of 1932, as amended, 26 U.S.C.A. Int.Rev.Acts, page 580, is as follows:

"(a) For the calendar year 1932 and each calendar year thereafter a tax * * * shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift.

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; * * *."

These provisions are interpreted by Treasury Regulations 79 Article 2 (7) as follows: "If a husband with his own funds purchases property and has the title thereto conveyed to himself and wife as tenants by the entireties, and under the law of the jurisdiction governing the rights of the tenants, there is no right of severance by which either of the tenants, acting alone, can defeat the right of the survivor of the whole of the property, there is a gift to the wife in an amount to be determined by adding to the value of her right, if any, under the law of such jurisdiction to a share of the income or other enjoyment of the property during the joint lives of herself and husband, the value of her right to the whole

of the property should she survive him, the value of each of such rights to be determined in accordance with the Actuaries or Combined Experience Table of Mortality, as extended."

We are of the opinion that the wife of the taxpayer had no dower interest in the property conveyed. In 1 Minor on Real Property, Sec. 273, p. 315, it is stated:

"In accordance with the terms of the definition of dower it is essential that the husband shall at some time during the coverture be seised of an estate of inheritance, such as that the issue of the marriage (if any) may inherit as heirs to the husband.

"Hence it is not sufficient that the husband throughout the coverture is merely entitled to the inheritance by way of reversion or remainder after a freehold estate in another, for the requirement that he be 'seised' of the inheritance implies that the husband must have the actual possession and enjoyment thereof, which is inconsistent with the seisin of a freehold estate in another lasting throughout the coverture. But if the estate preceding the husband's reversion or remainder be only a term for years, though it actually last throughout the coverture, the seisin of the inheritance is in the husband all the time. The existence of such a term for years presents no obstacle to the wife's dower.

\* \* \*

"To illustrate these principles:

"(1) If a man leases land to another for life, reserving a rent throughout the term, then marries and dies before the lease has expired, his widow is denied dower in the land because the husband at no time during the coverture has the immediate freehold thereof in possession, but only the reversion after a freehold in another; \* \* \*."

In Kent's Commentaries 4, 7th Ed., 37, it is said: "So, if a lease for life be made before marriage, by a person seised in fee, the wife of the lessor will be excluded from her dower, unless the life estate terminates during coverture, because the husband, though entitled to the reversion in fee, was not seised of the immediate freehold. If the lease was made subsequent to the time that the title to dower attached, the wife is dowable of the land, and defeats the lease by title paramount."

See also the Restatement of Law of Property, Section 174 (b).

The authorities relied upon by the taxpayer, Washburn on Real Property, Section 116, Chew v. Chew, 1 Md. 163 and Shriver v. Shriver, 127 Md. 486, 96 A. 615, 616, do not convince us that the rule of law as stated by Minor and Kent is wrong. In the Chew case the Court clearly indicates that the common law rule as to dower is applied in Maryland. In the Shriver case the Court said: " \* \* \* and, as the deceased remainderman was not himself given such an estate in the lands as could be subject to a right of dower in his widow, there is no ground upon which her claim to an interest in the real estate passing under the will can be sustained."

It would thus seem that under the common law as applied in Maryland the wife of the taxpayer had no dower right in the real estate conveyed.

Having reached this conclusion it is not necessary to discuss the questions raised in the briefs as to whether the wife's dower interest was such an interest as could be valued or whether the taxpayer could sue for the refund under a petition that did not raise the question of dower.

The judgment in case No. 4792 is affirmed.

## No. 4793.

In case No. 4793, David Luke Hopkins, the appellee, here referred to as the taxpayer, brought an action against M. Hampton Magruder, United States Collector of Internal Revenue for the District of Maryland, to recover gift taxes paid under protest for the year 1935. After a hearing the judge below entered judgment in favor of the taxpayer in the sum of $687.25, from which judgment the Collector appealed.

In December, 1935, taxpayer transferred in trust nine life insurance policies on his life and 810 shares of stock having an aggregate value of $105,511.76. The trust instrument provided that the trustee was to apply the net income of securities to pay the premiums and other charges on the policies, the unused income to be added to the corpus. Upon the death of the taxpayer and the collection of the proceeds of the policies, the trustee was to divide the corpus of the trust into as many equal shares as there might be then surviving children of the taxpayer and groups or stocks of children of the taxpayer who may have predeceased them. The trustee was to continue to hold in trust the share of each son, paying over the net income to each son until he reached the age of twenty-four. At that time, the corpus of such share was to be paid over to the son, provided, however,

that the delivery of the corpus of each share might be postponed until the trustee should, in his sole judgment and discretion, determine that such son had exhibited the character, judgment and ability to manage and care for his share. Until the delivery of the corpus of such share, which might be postponed until the son's death, the son was to continue to receive the income of the trust.

At the time of the creation of the above mentioned trust, taxpayer had three children living.

In taxpayer's 1935 gift tax return he claimed with respect to this gift three exclusions of $5,000 each under the provisions of Section 504(b) of the Revenue Act of 1932. The Commissioner ultimately allowed him one exemption of $5,000, as a result of which taxpayer paid a deficiency in gift tax, for the recovery of which this suit is brought.

The statutes and regulations involved are as follows:

Revenue Act of 1932, c. 209, 47 Stat. 169.

"§ 501. Imposition of Tax.

"(a) For the calendar year 1932 and each calendar year thereafter a tax, computed as provided in section 502, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift.

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; * * *."

"§ 504. Net Gifts.

"(a) General Definition. The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in section 505.

"(b) Gifts Less Than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." 26 U.S.C.A. Int.Rev. Acts, page 585.

Treasury Regulations 79 (1936 Ed.):

"Art. 10. Total amount of gifts.—In determining the amount of gifts during any calendar year, there is excluded (save in the case of a gift or gifts of a future interest or interests) the first $5,000 of any single gift or aggregate of gifts made during such year to any one donee. A gift or gifts made during a given calendar year to any one donee of $5,000, or less, should not be listed on the return, unless consisting of a future interest or interests, or unless consisting of a present interest or interests created out of the same property in which a future interest or interests has been given. Gifts of future interests in property are required to be included in the total amount of gifts for the year even though the value of such gifts is $5,000, or less, and if such interest exceeds $5,000 in value, no part of the value is excluded from the total amount of gifts for the year whether the gift or gifts be to a single donee or to a number of donees. For example, if the donor during the calendar year made a gift to A of $5,000 in money, a gift to B of $6,000 in money, and a gift to C of a future interest in property, such future interest being valued at $3,000, the total amount of gifts during such year, for the purposes of the tax, is $4,000.

"Art. 11. Future interests in property.— No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. 'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time. The term has no reference to such contractual rights as exist in a bond, note (though bearing no interest until maturity), or in a policy of life insurance, the obligations of which are to be discharged by payment in the future. But a future interest or interests in such contractual obligations may be created by the limitations contained in a trust or other instrument of transfer employed in effecting a gift. * * *."

Two questions are presented on the appeal: (1) Whether the Collector can raise in this court the question of whether the transfer in trust constitutes gifts of future interest for the purpose of reversing the adverse decision of the District Court: (2) whether the transfer in trust constitutes gifts of present or future interest in property within the meaning of section 504 (b) of the Revenue Act of 1932.

Since the decisions of the Supreme Court in Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 and Helvering v. Richter, 312 U.S. 561, 61 S.Ct. 723, 85 L.Ed.

1043, both decided March 17, 1941, it seems well settled that in certain cases a new theory to support the determination of the Commissioner of Internal Revenue may be presented for the first time on appeal. Taxpayer contends that the instant case does not come within the rule laid down in those cases. We are of the opinion that the same consideration which underlies the Hormel and Richter decisions is present here.

In the case of Legg's Estate et al. v. Commissioner, 4 Cir., 114 F.2d 760, this court permitted the taxpayer, who was the appellant, to raise, for the first time, on appeal an issue as to which his attention was apparently directed only by the intervening decision of the Circuit Court of Appeals for the Third Circuit, Rothensies, Collector, v. Fidelity-Philadelphia Trust Company et al., 112 F.2d 758. In the Legg's Estate case [114 F.2d 767], this court said: "* * * Just as we are emerging from the technicalities that formerly beset practice in courts of law and equity, it would be most unfortunate if we should develop a new system of technicalities to thwart and hamper the administration of justice in the ever increasing number of cases which come to us from administrative boards. To such cases the salutary rule should be applied that we will not reverse ordinarily on grounds not raised before the Board; but, just as in appeals coming to us from the District Courts, we should not hesitate to recognize the power and duty to notice error to which the attention of the Board has not been called, where in exceptional cases this is necessary to prevent a miscarriage of justice."

Since the decision of the lower court in the instant case, the Supreme Court has laid down principles governing the issues here involved. Helvering, Commissioner of Internal Revenue, v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909; United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, and Ryerson et al. v. United States, 312 U.S. 405, 61 S.Ct. 656, 658, 85 L.Ed. 917.

■ Under these circumstances we think that the proper administration of justice requires us to give consideration on this appeal to the question as to whether the trust interest here involved conveyed present or future interest within the meaning of section 504 (b) of the Revenue Act of 1932.

■ There can be no doubt since the decisions of the Supreme Court in the Hutchings, Pelzer and Ryerson cases that the trust instrument here in question conveyed a future interest. In the Ryerson case the court said: "* * * Thus all those who might become entitled to the use and enjoyment of the trust, principal and income, were ascertainable only upon the happening of one or more uncertain future events, survivorship of one or more persons at the death of the donor, and so they were donees of gifts of 'future interests' within the meaning of § 504 (b) and the treasury regulations."

What had seemed to be a maze of conflicting decisions has been cleared up by the Supreme Court in these recent decisions.

The court below was in error in holding that the taxpayer was entitled to the exclusions contended for and the judgment is reversed. The cause is remanded with the direction to dismiss the case at the cost of the plaintiff taxpayer.

Case No. 4792, affirmed.

Case No. 4793, reversed.