MARY R. NELSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

C. P. NELSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 108052, 108053.  Promulgated March 13, 1942.

*Taylor Vinson, Esq.,* for the petitioners.
*E. L. Corbin, Esq.,* for the respondent.

OPINION.

BLACK: Were the interests conveyed by petitioners in trust for their four children future interests in property as the Commissioner has determined, or were they gifts of present interests as the petitioners contend? The answer to that question presents the only issue that we have to decide. There is no dispute by the parties as to the value of the property which was the subject of the gifts.

The meaning of the term "future interests" as used in section 504 (b) of the Revenue Act of 1932 is discussed at some length in *Welch* v. *Paine*, 120 Fed. (2d) 141, and in *Commissioner* v. *Taylor*, 122 Fed. (2d) 714, and we shall make no attempt to repeat that discussion here. We refer to it for a better understanding of our opinion which follows.

The trust indenture which was involved in the case of *Commissioner* v. *Brandegee*, 123 Fed. (2d) 58, contained certain features similar to the trust instrument involved in the instant case. Paragraph 4 of the trust instrument involved in the *Brandegee* case provided in part:

* * * And after all mortgages and other charges or obligations against property acquired by the trustees by gift or purchase, including mortgages and other charges or obligations given in substitution therefor, are paid in full (as to which facts the decisions of the trustees shall be conclusive) the trustees

shall, during the continuance of the trust, pay the net income from the trust property as aforesaid. Payments of income shall be made quarterly and there shall be no apportionment of income on the death of any person entitled thereto.

In the instant case paragraph (4) (1) of the trust indenture, copied in our findings of fact, confers upon the trustees similar powers and duties.

Also paragraph (9) of the trust indenture provides as follows:

(9) After all indebtedness is paid and satisfied, or, though not all paid if in the opinion of the trustees it would not entail a burden on the trust, they may pay to the beneficiaries share and share alike, any sum or sums from the surplus income account.

It is clear that the provisions of the trust indenture in the instant case in the respects noted above are as broad and comprehensive as they were in the *Brandegee* case, *supra*. The court in the *Brandegee* case, in discussing these powers conferred upon the trustees, among other things, said:

* * * Under the power conferred upon the trustees in the case at bar, they could apply all the income, or indeed all or any part of the principal, of the 1937 gift toward the extinguishment of existing charges against the property; thus they are in effect authorized to accumulate the income until the net value of the trust property is augmented by an amount equal to that of such outstanding encumbrances. It is true that the trustees have a discretion to pay the net income to the beneficiaries in equal shares; and the right of the beneficiaries to receive such income at any time the trustees should choose to give it to them is no ·doubt a kind of interest of which a court of equity may take cognizance. See *Fulham* v. *Commissioner*, 110 F. (2d) 916, 918 (C. C. A. 1st, 1940). But if it may be called a present interest there is still the difficulty that such an interest is inherently incapable of valuation. *Helvering* v. *Blair*, 121 F. (2d) 945, 947 (C. C. A. 2d, 1941). Where the absolute right of the beneficiaries to enjoyment of the income is postponed until the happening of a future event, a $5,000 exclusion in respect of each donee is not allowable to the donor under § 504 (b) merely because he has invested the trustee with an immediate discretionary power to make advancements. *Welch* v. *Paine, supra; Commissioner* v. *Taylor, supra; Helvering* v. *Blair, supra.* And this is so whether or not the trustee happens to pay over income to the beneficiaries during the year in which the gift is made. The nature of the interest of the donees is determined as of the date of the gift, not by what the trustee may subsequently choose to do in the exercise of his discretionary power. See *Helvering* v. *Blair, supra,* at page 947.

The court there held that the interests granted to the beneficiaries were future interests, if there were existing mortgages at the time of the gift which had to be paid. off by the trustees and which would postpone the unqualified right of the beneficiaries to enjoyment of the net income. In the instant case it is clear that there were mortgages against the properties of petitioners which the trustees were charged with paying off as one of their primary duties. See paragraph (4) (1) of the trust indenture. Under these circumstances

we think *Commissioner* v. *Brandegee* is applicable and supports the Commissioner's determination.

Petitioners in their brief lay considerable stress as one of the facts showing that the gifts were of present interests rather than of future interests, that the trustees in an emergency could make an advancement to any one of the beneficiaries out of his or her portion of the trust estate, and that this was actually done in June 1941 in the case of James Houghton Nelson.

In *Welch* v. *Paine, supra,* where the court held that the gifts were of future interests, the court in its opinion called attention to the following facts, among others, as existing in that case: "The trustee was empowered to advance to the beneficiaries, or for their benefit, such sums out of their respective shares as he might in his absolute discretion deem necessary or advisable for their support, maintenance or education." We can see no essential difference between the power of the trustees to make advancements to the beneficiaries in the instant case and that which was present in *Welch* v. *Paine.*

We hold that the gifts in question were gifts of future interests and that petitioners are not entitled to any $5,000 exclusions by reason thereof. *United States* v. *Pelzer,* 312 U. S. 399.

*Decision will be entered for the respondent.*