WILLIAM E. BOEING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 94779, 95704.   Promulgated February 25, 1943.

*L. P. Mickelwait, Esq.*, for the petitioner.
*B. H. Neblett, Esq.*, for the respondent.

### OPINION.

BLACK, *Judge:* These proceedings were consolidated and involve deficiencies in gift tax which the Commissioner determined against petitioner in the amounts of $1,312.51 for the year 1936 and $1,312.50 for the year 1937.  The Commissioner by amended answers duly filed has asked that the deficiency for 1936 be increased to $2,625 and that the deficiency for 1937 be increased to $2,625.  The returns for the periods here involved were filed with the collector for the district of Washington at Tacoma.

The facts have all been stipulated and we adopt them as our findings of fact.

In 1932 William E. Boeing irrevocably transferred to a trustee six insurance policies on his own life for a total amount payable at his death of $500,000.  His wife and son were the immediate beneficiaries named in the trust agreement.  In 1936 and 1937 Boeing paid premiums on these policies in the amounts of $12,192.50 and $12,100, respectively, and reported gifts to his wife and son each of one-half the premiums.

For each year involved, petitioner claimed two exclusions of $5,000 on the theory that the beneficiaries of the trust were the donees.  The Commissioner assessed the deficiencies on the ground that the trust was the donee and that only one $5,000 exclusion was allowable.  The

Board of Tax Appeals sustained the petitioner and held that there was no deficiency for either year. The question of whether the gifts were of future interests was not presented to the Board at this hearing. No claim for an increased deficiency was made at or before the first hearing before the Board.

A petition for review was filed in the United States Circuit Court of Appeals for the Ninth Circuit and the future interests question was there raised for the first time. The court, following *Hormel* v. *Helvering*, 312 U. S. 552, and *Helvering* v. *Richter*, 312 U. S. 561, entertained the new issue which was thus projected into the case and held that petitioner's gifts of the insurance premiums in each of the taxable years were gifts of future interests. See *Commissioner* v. *Boeing* 123 Fed. (2d) 86. The court, in its discussion of future interests in the opinion, largely devoted its discussion to the proposition that the gifts of the proceeds and income of the policies were gifts of future interests.

The facts show that the policies themselves were transferred to the trust May 26, 1932, at a time when no kind of a gift tax was in effect. Therefore, we do not have before us in these proceedings the question whether the transfer of the policies to the trust in 1932 for the benefit of petitioner's wife and son was a gift of future interest. What we do have before us is the question whether the sums of money which the petitioner himself paid in each of the taxable years to the insurance companies as the premiums due on the policies were gifts of future interests. As we view the opinion of the court, it has answered that question in the affirmative, basing its reasoning upon the fact that, because the gifts of the policies of insurance themselves were gifts of future interests, then the payment of the premiums by petitioner in each of the taxable years also constituted gifts of future interests to the two beneficiaries of the trust. In reaching its conclusion the court, among other things, said:

\* \* \* Under the very recent decisions in *United States* v. *Pelzer*, 312 U. S. 399, and *Ryerson* v. *United States*, 312 U. S. 405, it is clear that the gifts in the case before us were of future interests *so far, at least, as concerns the proceeds and the income from the proceeds of the policies themselves.* These mature only upon the death of the trustor. By the terms of the trust the trustee is to collect and invest all moneys "which may be due or become due" under the policies. The net income from invested funds received by the trustee is to be distributed one-half to the wife and one-half to the son during their lives. In the event the wife does not survive the trustor, the entire trust is to be administered for the benefit of the son and his issue, if any; and, conversely, if the son predeceases the trustor, leaving no issue, the entire corpus is to be transferred to the wife, or in the event of her prior death to two named beneficiaries or their issue. Other contingencies, not here material, are provided against. Clearly, the beneficiaries have no right to the present enjoyment of the policy proceeds, and they will never have that right unless they survive the trustor, or, in any event, unless they survive the possible lapse of the policies. Their use and enjoyment

are "postponed to the happening of a future uncertain event", and the gifts thus import the difficulties which it was the purpose of Congress to avoid. *United States* v. *Pelzer, supra*, page 404. [Italics ours.]

Although the above quotation from the opinion of the court is not altogether clear upon the question whether the gifts of the insurance premiums by petitioner in the taxable year were gifts of future interests, we must construe the court's language to mean that, because no other gifts were before the court for consideration. We do not understand petitioner to contend otherwise than that we are bound by what the court has already decided, namely, that on the record which was made at the first hearing the gifts of the life insurance premiums were of future interests. In other words, the petitioner concedes that the original deficiencies as determined by the Commissioner are due.

Petitioner does contend, however, that, upon the reversal and remand of the proceedings to us for a rehearing on the issue of future interests, the Commissioner should not be allowed to amend his pleadings and affirmatively raise that issue and ask for an increased deficiency, and that this court is limited in its function to an entry of a decision granting the deficiencies as determined by the Commissioner in his deficiency notices. This contention of petitioner was fully dealt with by the Board in its opinion in *William E. Boeing*, 47 B. T. A. 5, and we deem it unnecessary to repeat here what we said there. Following our opinion there, we entered an order granting the Commissioner's motion for leave to file amended answers in these proceedings, setting up affirmatively that the gifts were of future interests, that he had erred in granting any $5,000 exclusions and asking for increased deficiencies. We further ordered that these proceedings be placed upon the Board's Circuit Calendar for Seattle, Washington, for a further hearing in due course on the issue of future interests.

Although it appeared from the stipulation filed at the former hearing that the facts with reference to the gifts of the insurance premiums had been fully stipulated and it was difficult to see what further facts could be introduced in evidence, we set the proceedings down for further hearing on the issue of future interests because of the following language of the court in *Commissioner* v. *Boeing, supra:*

\* \* \* Accordingly, the decision must be reversed and the cause remanded to redetermine or compute the deficiencies. Since the applicability of the future interests provision of the statute was not considered and no issue was made in respect of it, opportunity should be given the taxpayer to present evidence on that issue if he so desires.

At the rehearing on the issue of future interests which the Board ordered on April 6, 1942, both parties appeared by counsel, but neither offered any additional evidence. It seemed to be agreed by both parties that all the facts in the case had been embodied in the original stipulation and that there was no additional evidence which could be offered.

Thus we are left with but one issue to decide, and that is whether the Commissioner is entitled to have a decision granting him the increased deficiencies for which he has asked in his amended answers. On this question and this question alone briefs have been filed.

It seems to be petitioner's contention that, because the Commissioner did not offer any additional evidence at the rehearing and that inasmuch as the burden of proof to establish increased deficiencies is on the Commissioner, he has failed in carrying his burden of proof and is, therefore, not entitled to any increased deficiencies. Petitioner's contention in that respect is stated in his brief as follows:

It follows that, although the Board has held that the amended answers may be filed, the issue as to the merits of the Commissioner's claims for increased deficiencies was left for rehearing and subsequent decision. Neither the Ninth Circuit Court of Appeals nor the Board has yet decided on the merits that the Commissioner is entitled to judgment for the increased deficiencies. At the rehearing in Seattle on September 21, 1942, neither the taxpayer nor the Commissioner introduced any further evidence but both relied entirely on the record as made at the previous hearing. The burden of proof on the claims for increased deficiencies being on the Commissioner, any failure of proof in this regard results in a denial of his claims.

We agree with petitioner's statement above that the burden of proof is on the Commissioner to establish his claim for increased deficiencies and that if there is any failure of proof to establish his right to such increased deficiencies the Commissioner loses.

But, as we view it, there is no failure of proof. The facts as originally stipulated are not in dispute and show gifts of future interests. The court so decided in *Commissioner* v. *Boeing, supra,* and, as we have already stated, we are bound by that decision. Of course, if upon the rehearing which was held September 21, 1942, the petitioner had been able to offer additional evidence on the question as to whether the gifts were of future interests which was substantial enough to require us to reconsider that issue, we think unquestionably we would have had authority under the mandate of the court to have considered that question anew. But, as we have already pointed out, no additional evidence was offered, and on the question of future interests, on the record already made, our decision has been made for us by the Ninth Circuit and that decision is against petitioner.

The statute with reference to increased deficiences in gift tax cases is printed in the margin.[1]

---

[1] Section 513 (e) of Title III (relating to gift tax) of the Revenue Act of 1932 reads as follows:

"(e) INCREASE OF DEFICIENCY AFTER NOTICE MAILED.—The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the donor, and to determine whether any additional amount or addition to the tax should be assessed, if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing."

It is clear that, the gifts in 1936 and 1937 being of future interests, the petitioner was not entitled to any $5,000 exclusions. The Commissioner having amended his answers by permission of the Board heretofore granted, and having affirmatively pleaded that he erred in granting any $5,000 exclusions in his deficiency notices, and having asked for increased deficiencies, we think that it is our duty, under the statute printed in the margin, to hold for the Commissioner. We so hold. Petitioner does not dispute that the increased deficiencies as computed in the amended answers which have been filed by the Commissioner are correct if we should hold that the Commissioner is entitled to have, under the law and the facts, a judgment for increased deficiencies. Accordingly,

*Decisions will be entered for respondent that there are deficiencies in petitioner's gift tax of $2,625 for 1936 and of $2,625 for 1937.*