ROSA A. HOWZE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 978. Promulgated December 30, 1943.

*Wesley E. Seale, Esq.,* for the petitioner.
*Loyal E. Keir, Esq.,* for the respondent.

#### OPINION.

BLACK, *Judge*: The Commissioner has determined a deficiency of $893.19 in petitioner's gift tax for the year 1939. The deficiency results from the disallowance by the Commissioner of four exclusions of $4,000 each which petitioner took in the filing of her gift tax return for the year 1939. The Commissioner disallowed these exclusions on the ground that the gifts in question were of future interests in property. Petitioner by an appropriate assignment of error contests this action of the Commissioner.

The facts have all been stipulated and we adopt the facts as stipulated as our findings of fact. A summary of these facts will suffice for this opinion.

The petitioner resides at Austin, Texas, and filed her gift tax return for the year 1939 with the collector for the first district of Texas.

She conveyed by a general warranty deed dated June 7, 1939, two tracts of land situated in Nueces County, Texas, to her four children in equal undivided interests. The donor in this deed of conveyance reserved to herself all minerals in and under the two tracts of land and also reserved to herself a life estate in the surface of the two tracts conveyed. This reservation by the grantor of a life estate in the lands to herself is couched in the following language:

* * * It is, however, expressly understood that the grantor herein expressly reserves, and places the following condition and limitation and restrictions upon this grant, that is, that said land shall not be partitioned during the life time of the Grantor herein, unless by the written consent of the grantor herein. Grantor further, however, reserves, and it is hereby expressly agreed that she shall have, for herself and her assignees, the full possession, benefit and use of the above described premises, as well as of the rents, issues and profits thereon, for and during her natural life. * * *

On the same date that the petitioner made the above conveyance to her four children she conveyed to them by separate instruments a portion of the minerals in and under the same tracts of land. There was no reservation of a life estate in the portion of mineral rights conveyed. Petitioner timely filed her gift tax return for the year 1939 and placed a value of $36.000 upon the aggregate gifts. The Commissioner determined no value of the mineral estate and placed a value of $61.672.62 on the land without respect to the mineral rights, less the value of the life estate of $24.704.20 reserved by petitioner, leaving the net value of the gift by petitioner to her children of $36,968.42. The value of the gift is agreed to and as already stated, the only question involved is whether the gifts by petitioner to her four children were of "future interests in property" as that term is used in section 1003 (b) of the Internal Revenue Code (as amended by section 454. 1942 Act).

The Commissioner, in disallowing the four exclusions of $4,000 each which the petitioner claimed in filing her gift tax return, relies upon article 11 of Regulations 79. printed in the margin.[1] The Commissioner in his brief points out that these regulations have been approved by the Supreme Court in *United States* v. *Pelzer*, 312 U. S. 399, and many Board and court cases which have followed that case.

---

[1] ART. 11. *Future interests in property.*—No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. "Future interests" is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time. * * *

The petitioner points out in her brief that *United States* v. *Pelzer*, *supra*, and the other cases relied upon by the Commissioner all have reference to the rights of the beneficiaries in property which has been *placed in trust* by the donor. whereas in the gifts made by the donor in the instant case there were no intervening trusts.   On this point, says the petitioner in her brief:

\* \* \* We submit that in the instant case the title was transferred to the donees directly and they hold a "descendible, devisable. alienable" right to the surface, subject only to the reserved life estate, and a fee simple title to the mineral interests.   We can see no restriction upon the title to the surface or the minerals in the hands of the donees.   In the event of the death of a donee his interest would descend to his heirs, his title is now subject to the rights of creditors and he may sell his interest at will.   Such rights and powers in the corpus of the gift seem to us to be more consistent with a present interest than that of a future interest. \* \* \*

While it is true that *United States* v. *Pelzer*, *supra*, and the other cases cited and relied upon by the Commissioner all involved the rights of beneficiaries in property placed in trust, nevertheless we can not agree that this fact within itself makes petitioner's case distinguishable from the cases cited.   The question here, as in the cases cited. is whether the gifts made were of "future interests" in property. In discussing the meaning of the phrase "future interests," Paul, in his work on Federal Estate and Gift Taxation, vol. 2, sec. 15.11, p. 970, says:

\* \* \* Originally the phrase "future interests" referred to the various intricacies of common law conveyancing.   According to the other and more modern understanding of the phrase. a future interest is "an interest in land or other things in which the privilege of possession or of enjoyment is future and not present.   The one essential is the possibility of future enjoyment." \* \* \*

It is doubtless true. as petitioner contends in her brief, that, after her conveyance of the remainder interest in the land to her children, upon the death of a donee his interest in the land would descend to his heirs, his title was also subject to the rights of creditors, and he could have sold his interest at will. Notwithstanding these very substantial rights of ownership which were vested in petitioner's four children after the delivery of the deed of conveyance. the fact can not be gainsaid that their possession and enjoyment of the land was postponed to a future date. to wit, the date of the death of the grantor.

In *Welch* v. *Paine*, 120 Fed. (2d) 141, which is one of the leading cases on the question of what constitutes "future interests," the trust beneficiaries possessed property interest which, for all practical purposes, were as substantial as the interests involved here.   As in the instant case, the donees were specifically named individuals.   The trust indenture seemed to regard each beneficiary as the sole benefi-

cial owner of his proportional share (with postponement of his right to receive the income and to receive possession of the corpus at age 21), and expressly provided that upon the death of any beneficiary before reaching 21 "his interest shall pass according to the laws relating to the devolution of property upon death." Referring to the committee reports of Congress which accompanied the bill carrying the gift tax provisions, the court stated that "It seems clear that the denial of the $5,000 exclusion is broader than the cases in which there might be the apprehended difficulty of determining the number of eventual donees and the value of their respective gifts; for it can not be doubted that *a vested and indefeasible legal remainder after a life estate is a 'future interest.'*" (Italics supplied.) By way of further discussion of that point the court advanced the following hypothetical example in its dicta:

> Thus if A makes a conveyance of land by way of gift to B for life, remainder to C in fee, there would only be one $5,000.00 exclusion, on account of B's present interest, though there is no uncertainty as to the eventual donee, C, nor any difficulty in ascertaining the value of the remainder.

Counsel for the Commissioner, in discussing the foregoing illustration used by the court in *Welch* v. *Paine*, points out that the court's reasoning is not coupled with any reliance on questions of value, marketability, or assignability; that the only difference between the hypothetical case used by the court in *Welch* v. *Paine* and the instant case is that "A" assigned the life estate to a third person, whereas petitioner reserved the life estate in herself. Respondent submits that this distinction makes no difference. We agree with respondent in this contention.

On the strength of the authorities above discussed, we decide the issue involved in respondent's favor.

In holding that petitioner's conveyance to her children of the surface rights to the land, reserving a life estate to herself, was a gift of "future interests in property," we want to make it clear that we are not passing on the question whether her gift by another conveyance on the same day to her children of certain mineral rights in the lands was not a gift of present interests. The petitioner returned no value for the gift of these mineral rights and in his notice of deficiency the Commissioner has not determined any value for them. Hence no question is before us as to whether the gift of the mineral rights was one of "future interests" or whether it was of present interests.

*Decision will be entered for the respondent.*