### UNITED STATES v. PITNEY–BOWES POSTAGE METER CO.

No. 366.

Circuit Court of Appeals, Second Circuit.

July 10, 1945.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott and Eugene E. Beyer, Sp. Assts. to Atty. Gen., and Robert P. Butler, U. S. Atty., and Edward J. Lonergan, Asst. U. S. Atty., both of Hartford, Conn., for appellant.

Cummings & Lockwood, of Stanford, Conn. (Edwin P. Shattuck and George B. Francis, both of New York City, of counsel), for appellee.

Before LEARNED HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Section 3406 of the Internal Revenue Code, added by section 551 of the Revenue Act of 1941, 55 Stat. 716, 26 U.S.C.A. Int.Rev.Code, § 3406, and effective on October 1, 1941, imposes an excise tax on the sale of postage meter machines such as the plaintiff deals in. The Code also provides, section 3440, as amended, 55 Stat. 720, 26 U.S.C.A.Int.Rev.Code, § 3440, that "the lease of an article (including any renewal or any extension of a lease or any subsequent lease of such article) by the manufacturer, producer, or importer shall be considered a taxable sale of such article." However, the tax is not imposed if "the lease * * * and delivery thereunder" was made before October 1, 1941. Sec. 3441(c) (3), as amended, 55 Stat. 715, 26 U.S.C.A.Int.Rev.Code, § 3441(c) (3). Before that date the plaintiff, or its predecessor in title, made four written contracts with business concerns under which postage meters were delivered for use by them at stated rentals payable quarterly in advance. Upon rentals paid under these contracts for periods subsequent to October 1, 1941 the collector of internal revenue assessed an excise tax which the plaintiff paid and, its claim for refund having been rejected, sought to recover by the present action. The facts being undisputed, the plaintiff moved for summary judgment. The motion was granted, D. C., 57 F.Supp. 365, and the defendant has appealed from the resulting judgment.

The question presented is whether the rental contracts were renewed or extended by the plaintiff subsequent to October 1, 1941 within the meaning of section 3440 of the Code. The district judge held they were not. We are in agreement with him with respect to the contract made with Drexel & Co., dated January 1, 1932. This contract provided for "Permanent Quarterly Service." Drexel & Co. had the privilege of terminating the contract at the end of any quarter by thirty days' previous written notice, but the plaintiff could terminate it only for breach of its terms by the other party. Thus the lessor bound itself at the outset for as long as the lessee chose to perform. The tax is an excise on conduct "by" the lessor after October 1, 1941. Nothing which the lessor could do after that date could bring the lease to an end; the lessee's election to continue paying rent cannot be deemed an extension or renewal by the lessor.

With respect to the other three contracts the question is less simple. Each contract contained a clause in substantially these words:

"Termination of Contract. This contract shall remain in force for one year from date of installation of this meter, and from year to year thereafter unless terminated by either party at least thirty days prior to the end of any contract year."

Under this provision the lessor has the power to terminate the lease at the end of any year, and its decision not to exercise such power (or failure to do so within the time prescribed) is effective to continue the lease in force for the succeeding year.

Much of the argument has revolved about the technical rules of the common law respecting tenancies at will and tenancies from year to year, the appellee citing authorities to show that a lease for "one year and from year to year thereafter" creates an estate indefinite in term, while the appellant contends, with citation of other authorities, that such a tenancy is considered one for recurring periods, recommencing each year. But even assuming that the rules applicable to leases of real estate apply likewise to leases of personalty, we need not become entangled in their artificial niceties. We are to construe a revenue act whose purpose is to establish a scheme of taxation uniform in application throughout the nation. Hence the meaning to be given to the words "any renewal or any extension of a lease" may be determined without regard to what effect the local law might give them. Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199; Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 81, 60 S.Ct. 424, 84 L.Ed. 585; United States v. Pelzer, 312 U.S. 399, 402, 61 S.Ct. 659, 85 L.Ed. 913. It is difficult to believe that when Congress amended section 3440 of the Code it intended to make a distinction in the incidence of the tax between a term renewed or extended by an affirmative act of the lessor and an extension effected by his failure to put an end to a periodic tenancy of the character created by these contracts. Originally section 3440 provided that "the lease of an article shall be considered the sale of such article." The 1941 amendment was explained in the report of the Senate Finance Committee as "in clarification of existing language." S.Rep. 673, 77th Cong. 1st Sess. p. 54. Even if only a clarification, the amendment discloses the intention to have the word "lease" construed inclusively rather than restrictively; and the words of the amendment should likewise be read broadly rather than narrowly. Congress meant to impose the excise upon the lessor's act of embarking upon a new term after October 1, 1941; and the form by which he did this cannot have been deemed important. In our opinion it does not unduly strain the words of the amendment to regard the successive yearly terms of the contract, which the lessor annually kept alive by failing to exercise his power to terminate, as a renewal or an extension by him of the preceding yearly term. See Pennsylvania Co. for Insurances, etc., v. Rothensies, 3 Cir., 146 F.2d 148, 152.

For the foregoing reasons we hold that the taxes based on Exhibit A were illegally collected but those based on the three other contracts were owed. The judgment is reversed and the cause remanded for entry of a judgment in conformity with this opinion.