SPYROS P. SKOURAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19506.    Promulgated March 31, 1950.

*Kenneth W. Moroney, Esq.*, for the petitioner.
*Michael Waris, Jr., Esq.*, for the respondent.

524

528

530

532

OPINION.

TURNER, *Judge*: The parties are agreed that the premiums paid by petitioner on the policies herein during the taxable years constituted gifts by him to his children in those years. The only question in dispute is whether the gifts were gifts of future interests within the meaning of the statute so as to deprive the petitioner of the statutory exclusions provided by section 1003 (b) (3) of the Internal Revenue Code.[1]

It is the position of the respondent that under the doctrine of *Ryerson v. United States*, 312 U. S. 405, the interests of the donees, petitioner's children, were future interests within the meaning of the statute and accordingly no statutory exclusions on the gifts are allowable. It is the claim of the petitioner that under the assignments herein the children became full and complete joint owners of the insurance policies and that the general rules of law applicable to any property wholly and directly owned by two or more persons as joint tenants is applicable; that in the case of such joint tenancy, each person has a present right to sever the joint tenancy at will and to take, consume, pursue, or use in any manner satisfactory to himself his pro rata share of such property; and that such present and exist-

---

[1] SEC. 1003. NET GIFTS.

 \*　　 \*　　 \*　　 \*　　 \*　　 \*　　 \*

(b) EXCLUSIONS FROM GIFTS.—

 \*　　 \*　　 \*　　 \*　　 \*　　 \*　　 \*

(3) GIFTS AFTER 1942.—In the case of gifts (other than gifts of future interest in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

ing rights in and to the property is a present and not a future interest in the property within the meaning of the above statutory provisions.

It is our conclusion that the position of the petitioner is not well taken, for where the use, possession, or enjoyment of the donee is postponed to the happening of future uncertain events the interest of the donee is a future interest within the meaning of the statute. *United States* v. *Pelzer*, 312 U. S. 399.

We do not have here the simple case of property held in joint tenancy such as petitioner uses as his basis for comparison. The property involved consisted of contracts of insurance on petitioner's life. Normally a life insurance contract affects three parties—the insured, the insurance company, and the beneficiary. The insured has rights, but he also has liabilities. He may retain and hold certain privileges, but there are usually offsetting obligations. As a general proposition, a named beneficiary has a vested right and, unless as a part of the contract itself the right to change the beneficiary has been reserved, it is a right of which he can not be divested without his consent. Where the right to change a beneficiary has been reserved, the rights of the beneficiary are vested conditionally or rather are vested subject to the right of the insured to divest them.

In the instant case, the record clearly shows that the steps taken by petitioner were taken advisedly. His first step was to divide the insurance coverage into five equal parts and to set over to each child as primary beneficiary, separate and apart from his or her brothers and sisters, one such part. His next step was to assign all of the rights and privileges retained by him in all of the policies to the children jointly, not individually. When, with care, he first designated each child as primary beneficiary of policies having an aggregate principal amount of $150,000 and prescribed the mode of settlement at his death and then made the assignments over of his reserved rights and privileges in and to the policies to his five children jointly, he knew and intended that the settlement of the policies would be made according to the plans set up unless at some future time the children by joint action made a change of beneficiaries or prescribed some other plan of settlement. If he had been desirous of or had intended placing all of the incidents of ownership to one-fifth of the aggregate principal amount of all policies in the absolute control of each child separately as petitioner contends, the simple method would have been to have made the assignment to each child of all his rights and incidents of ownership in the policies of which each such child was the primary beneficiary. That he had no such plan or intention was further shown in the guardianship proceedings in 1944, when it was found to be expedient and desirable to have the face amount of the policies reduced and to take paid-up policies in part so that the annual premium payments on the remaining policies would be less burdensome to him.

Supporting the guardianship petition, Munn, who had been adviser to petitioner and who presumed to speak for him and who had apparently worked out and devised the whole program, plainly and definitely stated that the program had been designed to give to the children, not individually and separately, but jointly, the powers and privileges which petitioner had assigned. In its action the court acted on the representation that the changes desired, or to put it differently, the exercise of the rights of ownership over the policies, could be taken only by the joint action of all of the children. It thus appears that the petitioner, by his act in designating the beneficiaries as he did and then making the assignments to his five children jointly, had postponed the possession and enjoyment of the rights and interests in and to the policies or the proceeds thereof until his death or until such time as the children, acting jointly, might change or negative the action he had thus taken.

While, as the petitioner points out, there was not a grant to trust as in the *Ryerson* case, nevertheless, the effect of the joint assignments was in substance the same as the grant to trust in that case. The "use and enjoyment of any part" of the policies and property interests represented thereby were postponed to the happening of future and uncertain events. The interests conveyed were accordingly future interests within the meaning of the statute and, since the payment of the premiums in the taxable years had no effect other than that of preserving, maintaining, and building up the policies which had been so assigned, the payment of the cash premiums likewise constituted gifts of future interests. *Ryerson* v. *United States, supra,* and *United States* v. *Pelzer, supra.* The action of the respondent in denying the statutory exclusions with respect to each of the gifts in question is accordingly substained.

*Decision will be entered for the respondent.*