## ASHCRAFT v. ALLEN, Collector of Internal Revenue.
### Civ. No. 677.

United States District Court
M. D. Georgia, Macon Division.
May 10, 1950.

Moise, Post & Gardner, Atlanta, Ga., E. W. Moise, Atlanta, Ga., of counsel, for the plaintiff.

John P. Cowart, United States Attorney, Macon, Ga., T. Reese Watkins, Asst, U. S. Attorney, Macon, Ga., Rhodes Baker, Jr., Special Assistant to the Attorney-General, for the defendant.

DAVIS, District Judge.

This case was submitted to the Court without a jury upon an agreed statement of facts and the oral testimony of one witness. Only the facts material to the issues presented are herein set forth.

On October 3, 1944, Lee Ashcraft, the Plaintiff herein, executed an agreement whereby he established three trusts for his three grandchildren. The corpus of the trusts was conveyed to the Trustees, who were authorized to hold the corpus with undivided interests in each of said trusts. Each of the trusts embraced one-third of the property so conveyed and the terms of the trusts were identical. The Trustees were given the usual powers of management and were directed to dispose of the income and corpus, as follows:

The Trustees were required to pay the net income of each trust to the beneficiary thereof until he (or she) should attain the age of twenty-five years, and upon his (or her) attaining such age, were required to deliver the principal to the beneficiary. During the minority of the beneficiaries, the Trustees were authorized to pay the income to the mother of the beneficiaries, "to be used by her in such manner as she may deem proper for the benefit of" the beneficiaries. The trust instruments themselves recited no purpose for which they were established.

In 1945 and 1946, the settlor made additional gifts to these trusts under the original trust agreement of October 3, 1944. For each of the three years involved, 1944, 1945 and 1946, the Plaintiff settlor claimed a gift tax exclusion as to the gifts to each of the three beneficiaries. In claiming such exclusions, he treated the gift of the income and the gift of the corpus as gifts of present interests against which he was entitled to exclusions. The Commissioner of Internal Revenue determined that the exclusions should be reduced on the grounds that the gifts, insofar as the corpus was concerned, were gifts of future interests against which no portion of the statutory exclusions were allowable. The exclusions were allowed to the extent of the present worth of the right to receive the income from said trust property until the beneficiaries should reach the age of twenty-five years. The deficiency assessments thus resulting were paid by the Plaintiff, who filed a timely claim for refund for each year. These claims were denied by the Commissioner.

As appears from the factual statement above, the issue here is a narrow one. The Plaintiff contends that the gifts to the three trusts were gifts of present interests in their entirety, basing his claim on the fact that the minors were given as much present use, possession and enjoyment as it is possible to give a minor under the law of Georgia. The Defendant, on the other hand, contends that the use, possession and enjoyment of the corpus of the trusts is postponed until some future date, and, therefore, the gift of the corpus was a gift of a future interest. In spite of the wording of the trust instruments, the beneficiaries, under what is clearly the law of Georgia, will be entitled to possession of the corpus upon attaining their majority. All trusts established for persons laboring under disabilities become executed upon the removal of said disabilities, in this case the arrival at the age of twenty-one. Georgia Code of 1933, § 108-114. It is the Defendant's position that this has no effect except to move forward the date upon which the beneficiaries will have the right to use, possession and enjoyment, still leaving that date in the future.

The pertinent portion of the Statute under which this question arises is, as follows: "In the case of gifts (other than gifts of future interests in property) made to any person by the donor * * * the first $3,000 of such gifts to such person shall not * * * be included." Internal Revenue Code, § 1003(b), (3), 26 U.S. C.A. § 1003(b)(3). The pertinent portion of the Regulation promulgated in connection with this section reads, as follows: " 'Future interests' is a legal term, and includes reversions, remainders, and other in-

terests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time." Treasury Regulations 108, Section 86.11.

█ Clearly, under the Statute and the Regulation, the yardstick is a temporal one, undisturbed by the vesting of title, and postponement of enjoyment to some date in the future is the real criterion of a future interest. Fondren v. Commissioner, 1945, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668; Commissioner of Internal Revenue v. Disston, 1945, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720, 158 A.L.R. 166; Hessenbruch v. Commissioner, 3 Cir., 1950, 178 F.2d 785; Phillips v. Commissioner, 1949, 12 T.C. 216.

█ The fact that the donee is entitled to present use and enjoyment of the income does not make the gift of the corpus a gift of a present interest. In the Fondren case, supra, the Supreme Court expressly held: "If the income of a trust is required to be distributed periodically, as annually, but distribution of the corpus is deferred, the gift of the income is one of a present interest, that of the corpus one *in futuro*." [324 U.S. 18, 65 S.Ct. 501]

██ In U. S. v. Pelzer, 1941, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, it was held that State law is not to be considered in determining whether an interest is present or future. The State law is applicable, however, in determining whether or not the donees have the present right to use, possess and enjoy. Under the instrument itself, the obvious intention of the donor, and under the law of Georgia, the beneficiaries of these trusts clearly do not have the right to present use, possession and enjoyment of the corpus. Thus, these gifts are not gifts of present interests, so as to entitle the donor to the exclusion claimed.

The Plaintiff's contention that the donees received such use, possession and enjoyment as it is possible to give minors under the Georgia law is immaterial. Clearly, they did not have the use, possession and enjoyment required by the Statute and Regulation quoted above. What would have been the result if there had been an outright gift to the minor donees, which the Georgia law would require to be held by a guardian under court supervision, is not here at issue and is not decided. This question might have arisen, had the Commissioner made any point as to the gift of income. But the Commissioner has conceded that the gift of income, though to a minor, is a gift of a present interest. Thus, the case does not raise the question as to whether a minor has present use, possession and enjoyment of property, which he owns in fee but which the law requires to be handled by his guardian.

The Commissioner's disallowance of the exclusion claimed on account of the gift of the corpus for each of the years involved was correct and the Plaintiff is not entitled to recover.