Cecile Johnson Nelson **PREJEAN,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

No. 22516.

United States Court of Appeals
Fifth Circuit.

Jan. 7, 1966.

1. The decision below is unofficially re-
ported at 23 CCH Tax Ct. Mem. 1720
(1964).

2. Int.Rev.Code of 1954 Section 2503(b)
states in part: "[i]n the case of gifts
(*other than gifts of future interests*

Oscar Nipper, Houston, Tex., Nipper &
Knox, Houston, Tex., for appellant.

Thomas L. Stapleton, Atty., Dept. of
Justice, Washington, D. C., John B. Jones,
Jr., Act. Asst. Atty. Gen., Lee A. Jack-
son, Richard M. Roberts, Meyer Roth-
wacks, Robert N. Anderson, Robert H.
Solomon, Attys., Dept. of Justice, Wash-
ington, D. C., Mitchell Rogovin, Chief
Counsel, Charles Owen Johnson, Atty.,
IRS, Washington, D. C., for appellee.

Before HUTCHESON, JONES, and
BROWN, Circuit Judges.

PER CURIAM:

This is an appeal from a deficiency de-
termination by the Tax Court.[1] During
1960 the taxpayer, Cecile Johnson Nelson
Prejean, made a gift in trust and named
as beneficiaries of the trust eight per-
sons other than herself. On her gift tax
return for 1960 Mrs. Prejean claimed
annual exclusions of $3,000 for each of
the eight donee-beneficiaries. The Com-
missioner and the Tax Court disallowed
the annual exclusions on the ground that
the gift is a "future interest" not sus-
ceptible of valuation within Internal
Revenue Code of 1954 Section 2503(b)[2]
and thus not subject to the annual exclu-
sion from the gift tax. We find that the
court below considered and properly dis-
posed of the issues presented and accord-
ingly we affirm.

In March, 1960 Mrs. Prejean created
a trust naming as beneficiaries her three
sons, three daughters-in-law, and two
grandchildren, and as trustees the three
sons. Mrs. Prejean made a gift to the
trust of property having a value at the
date of transfer of $114,557.93, but re-
tained a life estate therein of $200 per
month. The trust instrument provides
in pertinent part:

3. * * * (b). This trust shall
terminate 10 years from the 10th

*in property*) made to any person by the
donor * * *, the first $3,000 of such
gifts to such persons shall not * * *
be included in the total amount of gifts
made during such year." (Emphasis add-
ed.)

day of March, 1960 * * *, and in no event is it to extend beyond the time of the lives in being of the specific beneficiaries named herein.

(c). Upon the termination of this trust all trust property shall be paid and distributed to Edward Lewis Nelson, Robert William Nelson and Fred Maxie Nelson, share and share alike and should they or any of them not be surviving at that date, then their share shall be distributed to their heirs. * * *

(e). During the lives of Cecile Johnson Nelson, Robert William Nelson, Juanita Becker Nelson, Kristi Anne Nelson, Edward Lewis Nelson, Donna Lock Nelson, Amy Rules Nelson, Fred Maxie Nelson, and Ann Wosny Nelson the trustee shall pay the net income of this trust to * * * [the aforesaid persons] as their needs, in the discretion of the said trustee acting with the advice and consent of the co-trustees then and there in existence, may from time to time appear and in any event shall pay not less than Two Hundred Dollars ($200.00) per month to Cecila [sic] Johnson Nelson.

On her gift tax return for 1960 Mrs. Prejean listed $114,557.93 as the property transferred to the trust. From this was deducted $24,146.56 as the value of the life estate retained by Mrs. Prejean; $24,000 as representing exclusions not exceeding $3,000 for each donee-beneficiary; and $30,000 as her specific exemption. Only the $24,000 representing the eight exclusions is involved in this suit.

Section 2503(b) is silent regarding what is a "future interest" under the statute. The Commissioner has filled

this void with Treas.Reg. Section 25.2503–3:[3]

(a) No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. "Future interests" is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, * * * which are limited to commence in use, possession, or enjoyment at some future date or time. * * *

(b) An unrestricted right to the immediate use, possession, or enjoyment of property or income from property * * * is a present interest in property. An exclusion is allowable with respect to a gift of such an interest. * * *

By the terms of the trust distribution of the corpus is postponed for ten or more years; receipt of such distribution by the remaindermen is contingent upon their surviving to the end of this period. Regarding the trust income the trustee has discretion to distribute income to the various beneficiaries according to their needs. Thus in any year a single beneficiary may get virtually all of the trust income or none whatsoever. The Tax Court in its well written opinion ruled that these factors rendered the gift of both corpus and income a "future interest" not susceptible of valuation and disallowed the eight exclusions claimed by Mrs. Prejean. We agree with this decision and judgment and approve this opinion and the findings and conclusions stated in it. Because we do, it will be unnecessary for us to repeat or discuss further the findings and conclusions.

Affirmed.

3. The Commissioner's definition has been upheld as valid and consistent with the intent of Congress. See, e.g., Commissioner v. Disston, 325 U.S. 442, 446, 65 S.Ct. 1328, 89 L.Ed. 1720 (1945); United States v. Pelzer, 312 U.S. 399, 404, 61 S.Ct. 659, 85 L.Ed. 913 (1941).