LILLIAN SEELIGSON WINTERBOTHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF J. M. WINTERBOTHAM, DECEASED, LILLIAN S. WINTERBOTHAM, INDEPENDENT EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 95533, 95534. Promulgated April 17, 1942.

*Thomas W. Lain, Esq.,* for the petitioners.
*Frank B. Schlosser, Esq.,* for the respondent.

### OPINION.

BLACK: In Docket No. 95533, Lillian Seeligson Winterbotham, petitioner, is involved a deficiency of $1,728.22 in gift tax for the year

1936 which the Commissioner has determined against petitioner and respondent's claim for an increased deficiency. In Docket No. 95534, estate of J. M. Winterbotham, Lillian S. Winterbotham, independent executrix, petitioner, is involved a deficiency of $1,191.51 in gift tax for the year 1936 which the Commissioner determined against J. M. Winterbotham, now deceased and respondent's claim for an increased deficiency. Both deficiencies were due to the action of the Commissioner in allowing only one $5,000 exclusion in the determination of each gift tax liability instead of the $15,000 which each taxpayer had deducted on his gift tax return for the year 1936. In the determination of each deficiency the Commissioner explained his action in the deficiency notice as follows:

Only one exclusion, in the amount of $5,000 is allowed against the gifts made by you in trust for the benefit of your three children, for the reason that the gifts are made to one trust. (See *Commissioner* vs. *Wells*, 88 Fed. (2d) 339, and *Commissioner* vs. *Krebs*, 90 Fed. (2d) 880.)

The petitioners by appropriate assignments of error assail the correctness of the Commissioner in his determination of the deficiencies. Prior to the entry of any decision by the Board in either of the proceedings, the Supreme Court decided *Commissioner* v. *Hutchings*, 312 U. S. 393; *United States* v. *Pelzer*, 312 U. S. 399; and *Ryerson* v. *United States*, 312 U. S. 405, whereupon the Commissioner, by a timely motion filed, moved to vacate prior memorandum opinions which the Board had entered in each proceeding herein, to amend his answer and ask for increased deficiencies in each proceeding, and that the proceedings be set down for rehearing at Houston, Texas.

Respondent's motion was granted and amended answers were filed in each proceeding. The amended answers alleged that the gifts were of future interests and set out in detail the grounds upon which the Commissioner relied for affirmative relief and in each case asked for an increased deficiency.

The proceedings have been consolidated.

Rehearing was held at Houston, Texas, on the amended pleadings and a supplemental stipulation of facts was filed. We adopt as our findings of fact the facts which were stipulated in the original stipulation of facts filed January 15, 1940, and in the supplemental stipulation of facts filed at the rehearing January 12, 1942. From the facts so stipulated we state the following facts for the purpose of this opinion:

During the year 1936 petitioners were husband and wife, residing at Galveston, Texas, and as such were entitled to file gift tax returns on the community property basis.

By an instrument dated July 19, 1933, petitioners without valuable consideration transferred to themselves as trustees certain properties to be held in trust for the use and benefit of their three children under

the terms and conditions set forth in the trust instrument. During the years 1934 and 1935 additional properties were transferred by petitioners to themselves as trustees under the terms of the aforementioned trust instrument.

On November 2, 1936, without valuable consideration petitioners by an indenture of trust transferred to themselves as trustees certain real estate to be held in trust for the benefit of their three children under the terms and conditions as set forth in the trust indenture. The gift added to the trust created July 19, 1933, without any substantial variation of its terms and conditions.

J. M. Winterbotham, one of the petitioners, died on or about April 5, 1940, leaving a will in which he named his wife, Lillian Seeligson Winterbotham, independent executrix of his estate and she duly qualified and is still acting as such.

The following are the dates of birth of the beneficiaries named in the trust instrument of July 19, 1933:

> George Seeligson Winterbotham, born June 24, 1905
> Maria Meade Winterbotham (now Mrs. Maria Meade Eastham) born February 14, 1907
> J. M. Winterbotham, Jr., born February 6, 1909

The trust instrument of 1936 contained the same provisions as the 1933 instrument for each beneficiary, and pertinent parts of it are as follows:

2. The trust hereby created shall continue until the death of the last survivor of our three children, George Selligson Winterbotham, J. M. Winterbotham, Jr. and Maria Meade Winterbotham, and the corpus of the trust property shall be held together until the death of such last survivor.

3. The trustees shall pay over or deliver to our son, George Selligson Winterbotham, at such periods as they deem best, not longer than annually, such portion of one-third (⅓) of the net interest, income and revenue derived or arising from the trust property as to them shall seem fit and proper and for the best interest of our said son (such portion to be determined solely in the judgment and discretion of the said Trustees, and without any control over them in the exercise of such judgment or discretion) until our said son shall reach the age of forty (40) years, or until his death, should that event sooner occur. From and after the time when our said son shall reach the age of forty (40) years, the entire net interest, income and revenue arising from one-third (⅓) of the trust property shall be paid over or delivered by the Trustees to him until his death.

In the event our said son shall die leaving surviving him a child or children, the share in the interest, income and revenue which would have been paid or delivered to him, if he had survived, shall be paid or delivered by the Trustees to the said child or children of our said son surviving him equally, share and share alike, until the final termination of this trust.

[Paragraphs 4 and 5 refer in the same terms to the two other beneficiaries.]

6. In the event any of our said children named in the foregoing paragraphs numbered 3, 4 and 5 hereof shall die unmarried prior to reaching the age of forty (40) years, his or her share in the income and corpus of the trust property shall pass to the survivors or survivor of them, or to the other beneficiaries who would

take under said numbered paragraphs, and the income therefrom shall be paid to such survivor or survivors, or other beneficiaries, and the corpus of such share in the trust fund shall be delivered and turned over to such survivor or survivors, or other beneficiaries in the same manner as provided in the next succeeding paragraph hereof.

7. Upon the death of the last survivor of our three children above named, the trust hereby created shall end and the Trustees then acting shall divide and distribute the then corpus of the trust fund among the lineal descendants of our three children above named per stirpes and not per capita.

In the determination of the gift tax liability of each of the petitioners for the years 1933, 1934, and 1935, the respondent allowed three exclusions of $5,000, or a total of $15,000 for each year, with respect to the gifts made during those years pursuant to the trust indenture of July 19, 1933. No other gifts were made during 1933, 1934, and 1935. Petitioners accepted the foregoing determinations of the respondent and no appeals were taken therefrom.

In each of the deficiency notices for the taxable year 1936, the amount shown as "Net gifts, preceding years" represents the total gifts made during the years 1933, 1934, and 1935 after the deduction of a specific exemption of $40,000 and the exclusions, totaling $45,000, referred to above.

At the close of each year here involved each beneficiary's share of the net income of the trust created by the instruments dated July 19, 1933, and November 2, 1936, was credited to his or her account on the books of the trustees. Against the amounts so credited each beneficiary was permitted by the trustees to withdraw amounts from time to time, as requested by the beneficiary. The beneficiaries included the amounts so credited to their accounts in their Federal income tax returns and paid taxes thereon.

It is of course well established, since the Supreme Court decisions above mentioned, that the beneficiaries of the trust were the donees of the gifts and petitioners are entitled to the three $5,000 exclusions which they took on their gift tax returns filed for the taxable year unless the gifts were of future interests. The respondent in an amended answer filed in each proceeding alleges that the gifts were of future interests and that he erred in allowing any $5,000 exclusions, and he asks for increased deficiencies. It is of course true that if the gifts were of future interests petitioners are not entitled to any $5,000 exclusions. See sec. 504 (b), Revenue Act of 1932.

With respect to this affirmative issue, the burden is on the respondent. The trust instruments executed in 1933 and 1936 are in evidence and speak for themselves. We have quoted in this opinion the pertinent parts of them. In the original stipulation of facts, it is agreed that one exclusion of $5,000 was allowed each petitioner for the year 1936. Likewise, it is stipulated in the supplemental stipulation of facts that three exclusions, totaling $45,000, were allowed for 1933, 1934,

and 1935 and accepted by each of the petitioners without appeal, and that those allowances were given effect in arriving at the amounts used in computing "Net gifts, preceding years" in determining the gift tax liabilities for the taxable year 1936. It would, therefore, appear that all facts necessary for a decision are in evidence. That being true, the Board need only decide one question, to wit: Were the gifts of present interests entitling petitioners to three exclusions of $5,000 each for not only the taxable year but also for the three preceding years, or were the gifts of future interests, in which case no exclusions would be allowable for any year?

The issue will turn on the provisions of the trust instruments which, in so far as applicable in this case, are identical. In fact, the indenture of November 2, 1936, provides that the gifts made thereunder are to be added to the trusts created by the instrument dated July 19, 1933, to be held and administered under the terms and conditions specified in the latter.

In so far as the remainder interests in the trust corpus are concerned, it seems entirely clear that the gifts were of future interests. We do not understand that petitioners contend otherwise.

Under no circumstances were the beneficiaries entitled to the present use, possession, and enjoyment of the corpus of the trust. On the contrary, the distribution of the corpus was not to take place until after the death of the last survivor of the three children named as beneficiaries.

We shall next take up the question as to whether the gifts by petitioners to their three children of the income from the trust corpus were of future interests. By reading the provisions of the trust indenture which we have quoted herein, it will be seen that the trustees were directed to pay over to each of the beneficiaries at such periods as they might deem best, not longer than annually, such portion of one-third of the income as the trustees might in their sole judgment and discretion determine until the beneficiary should reach the age of forty years. Since none of the beneficiaries were forty years old in either 1933 or 1936, the payment of any of the income to them rested solely within the discretion of the trustees and the beneficiaries were in no position to demand payment. Moreover, should a beneficiary die before attaining the age of forty years his or her share of the income was payable to the heirs of that person and, should there be none, then to the surviving beneficiaries.

*Helvering* v. *Blair*, 121 Fed. (2d) 945, is a case which we think is in point in the decision of the instant case. In that case the trustees were to apply the income of the trust "to the use of any one or more of the following who may be living (his wife and his seven children) and to the lawful issue of any of my said children in such proportions as

shall * * * seem proper to the Trustees in their *absolute discretion.*" (Italics supplied.) After stating the arguments of the taxpayer to the effect that the gifts of income were of present interests, the court said:

> The difficulty with this reasoning is that it ignores the continued power of the trustees to change the original division, during the wife's life in the case of the first trust; and during the trusteeship of Montgomery and William D. in the case of the second. It was the prime purpose of the trusts that the trustees should have this power, and presumably that they should exercise it. How then is it possible to compute the value of any beneficiary's share at the time of the original division? The allocation might be changed the next day, and the interest which succeeded the interest first awarded would be a "future interest" within § 504 (b). In order to calculate the value of an interest subject to such a condition, we should have to have some actuarial basis for the probability that trustees who had once made such a division would not disturb it. Obviously nothing of the kind is available or would in all likelihood be a sound basis for inference if it was compiled. [Citing authorities.] * * *

In the instant case, as we have already pointed out, there is a provision in the trust indenture as to each beneficiary as follows:

> The Trustees shall pay over or deliver to [naming the beneficiary] at such periods as they deem best, not longer than annually, such portion of one-third (⅓) of the net interest, income and revenue derived or arising from the trust property as to them shall seem fit and proper and for the best interest of our said son (such portion to be determined *solely in the judgment and discretion of the said Trustees and without any control over them in the exercise of such judgment or discretion*) until our said son shall reach the age of forty (40) years, or until his death, should that event sooner occur. * * * [Italics supplied.]

Thus it will be seen that the trust indentures in the instant case vested the trustees with the sole discretion to determine what part of the income should be distributed to the beneficiaries. They could withhold or distribute in any particular year as in their judgment and discretion they saw proper.

"How then," as the court pointed out in the *Blair* case, "is it possible to compute the value of any beneficiary's share at the time of the original division?" In our judgment it could not be done in the instant case, as it could not be done in the *Blair* case.

Petitioners lay considerable stress in their brief upon the fact that at the close of each of the years 1933 to 1936, inclusive, each beneficiary's share of the net income of the trust was credited to his or her account on the books of the trustees and that against the amounts so credited each beneficiary was permitted to withdraw sums from time to time as requested by the beneficiary. This arrangement is nothing more than the exercise of the discretion granted the trustees by the trust instruments. As said by the court in *Commissioner* v. *Brandegee*, 123 Fed. (2d) 58:

> * * * Where the absolute right of the beneficiaries to enjoyment of the income is postponed until the happening of a future event, a $5,000 exclusion in

respect of each donee is not allowable to the donor under § 504 (b) merely because he has invested the trustee with an immediate discretionary power to make advancements. . *Welch* v. *Payne, supra; Commissioner* v. *Taylor, supra; Helvering* v. *Blair, supra.* And this is so whether or not the trustee happens to pay over income to the beneficiaries during the year in which the gift is made. The nature of the interest of the donees is determined as of the date of the gift, not by what the trustee may subsequently choose to do in the exercise of his discretionary power. See *Helvering* v. *Blair, supra,* at page 947.

We, therefore, hold that the gifts of both the income interests from the corpus of the trusts and the remainder interests in the corpus of the trusts were gifts of future interests and petitioners are not entitled to any $5,000 exclusions in the determination of their gift tax liability for the taxable year 1936.

They were also not entitled to any such exclusion in the determination of their gift taxes for the years 1933, 1934, and 1935. Those years are not before us for the determination of any deficiencies and we have no power to determine petitioners' gift tax liabilities for those years and we make no attempt to do so.

However, in the determination of petitioners' gift taxes for the taxable year 1936 it becomes important to determine the aggregate sum of petitioners' net gifts in former years. See sec. 502, Revenue Act of 1932; also art. 5 of Regulations 79, as amended by T. D. 4996, C. B. 1940-2, pp. 295, 296; also paragraph 15.16, Paul's Federal Estate and Gift Taxation.

In the instant proceedings, there is no issue as to the value of the gifts made by petitioners to the trusts in the years 1933, 1934, and 1935. The only issue in determining the net gifts for those preceding years is as to whether petitioners were each entitled to three exclusions of $5,000 each in each of those years, as petitioners contend, or whether the gifts were of future interests and petitioners were not entitled to any exclusions of $5,000 in the years in question. For reasons already stated, we decide that question in favor of the Commissioner.

*Decision will be entered under Rule 50.*