Sidney R. Baer v. Commissioner. S. Charles Baer, also known as Charles S. Baer, Transferee and Beneficiary v. Commissioner. Sidney R. Baer, Jr., Transferee and Beneficiary v. Commissioner. Marguerite S. Baer, Donee and Transferee v. Commissioner.
Baer v. Commissioner
Docket Nos. 109681, 109867, 109868, and 110218.
United States Tax Court
1943 Tax Ct. Memo LEXIS 240; 2 T.C.M. (CCH) 285; T.C.M. (RIA) 43294; June 21, 1943
*240 Trust to which gifts were made provided that the income thereof was to be expended for the proper care, maintenance and education of the beneficiaries until they became twenty-five years of age when they were to receive the income currently. The oldest beneficiary was nineteen years of age. The corpus of the trust was payable to the beneficiaries in installments as they became 30, 36, 42, and 48 years of age respectively except in certain eventualities. Held the gifts were of future interests and the donor was not entitled to a $5,000 exclusion in respect of either gift. Life insurance policies irrevocably assigned by the insured to his two sons held gifts of present interests to the extent of the fair market value thereof so that the donor was entitled to a $5,000 exclusion with respect to each gift. Premiums paid by the donor on life insurance policies after irrevocable assignment of those policies to donees held gifts of present interests so that the donor is entitled to an exclusion with respect to such gifts. The trustees and beneficiaries of a trust to which gifts were made held liable as transferees for the gift tax of the donor who was solvent, although *241 the assessment and collection of the tax against the donor was barred by the statute of limitations. Stanley S. Waite, Esq., 408 Pine St., St. Louis, Mo., and Henry C. Lowenhaupt, Esq., 408 Pine St., St. Louis, Mo., for the petitioner. Carroll Walker, Esq., for the respondent. TYSON Memorandum Findings of Fact and Opinion Respondent determined deficiencies in gift tax for the year 1937 as follows: Docket
Petitioner
No.
Liability
Sidney R. Baer, as trustee
and transferee
109681
$1,282.50
S. Charles Baer, as benefici-
ary and transferee
109867
1,282.50
Sidney R. Baer, Jr., as bene-
ficiary and transferee
109868
1,282.50
Marguerite S. Baer, as donee
and transferee
110218
1,282.50
Petitioner in each of docket numbers 109867, 109868, and 110212 alleges that respondent erred: (1) in failing to allow that the statute of limitations bars assessment and collection of any tax for the year 1937; (2) in determining (a) that gifts made in 1937 and prior years were gifts of future interests and (b) that there is any tax due from the donor of certain gifts; and (3) in determining that petitioner is liable as donee, transferee, or otherwise for any tax which may be, or *242 may have ever been due from the donor. Petitioner in docket number 109681 assigns, in effect, the same errors as above except that he omits the express assignment with regard to the tax not being due from the donor. Respondent in his answer to the petitions in docket numbers 109867 and 109868 affirmatively alleges that the petitioners as beneficiaries of a trust created by Sidney R. Baer, donor, received money, property and effects in excess of the amount of the deficiency determined against Sidney R. Baer and this allegation is expressly denied by petitioners' replies. In their pleadings, in all docket numbers, the parties are in agreement that the assessment and collection of any deficiency against Sidney R. Baer, as donor, for the calendar year 1937 is barred by the statute of limitations. The proceedings have been consolidated and submitted upon the pleadings and a stipulation of facts. The stipulated facts not set forth are included herein by reference. Findings of Fact All the petitioners reside in the County of St. Louis, Missouri. The gift tax return for the taxable year 1937 here involved was filed with the collector of internal revenue for the First District of Missouri. *243 Sidney R. Baer and Marguerite S. Baer are husband and wife and the parents of Sidney R. Baer, Jr. and S. Charles Baer. During the taxable year the latter two were nineteen and thirteen years of age respectively. On October 1, 1935 Sidney R. Baer executed an irrevocable indenture of trust naming himself as trustee and his two children Sidney R. Baer, Jr. and S. Charles Baer, as beneficiaries. Provision was made for appointment of successor trustees. Under the terms of the trust instrument the trustees had broad powers of management of the trust estate. Sidney R. Baer, Jr. and S. Charles Baer were each entitled as beneficiaries to a one-half share in that estate. The trustee was to expend so much of the income of each child's share as in the trustee's opinion was necessary for the propercare, maintenance, and education of that child until the child attained twenty-five years of age; and thereafter, until the termination of the trust, each child was to receive the income from his share in annual, or other convenient installments. The principal, together with any accumulated income held for each child was to be paid as follows: one-fourth as each child arrived at the age of thirty (30); *244 one-fourth, or one-third of the balance, as each child arrived at the age of thirty-six (36); one-fourth or one-half of the balance as each child arrived at the age of forty-two (42) and the remainder when each child arrived at the age of forty-eight (48). So long as Sidney R. Baer lived, he was to have the right to accelerate or withhold payment of the principal or any part thereof. If Sidney R. Baer was not living when each of the beneficiaries reached the age of forty-eight years, a successor corporate trustee could in its sole and absolute discretion so long as it deemed it to be to the best interest of the beneficiaries, continue to hold the share of that beneficiary in the trust estate. The trustee was also empowered to invade the corpus of either share and pay over same to the beneficiary thereof such sums as such trustee, or trustees, deemed necessary in case of illness of such beneficiary or any other unforeseen emergency. If either beneficiary died before receiving his full share of the trust estate, that share would go to his issue, but if there were no such issue, the share would go to the surviving beneficiary subject to the provisions of the trust instrument. During *245 1935 Sidney R. Baer made total gross gifts of $100,233.11 as follows: by transferring securities having a fair market value of $78,750 to the trust; by irrevocably assigning and transferring to Sidney R. Baer, Jr. and S. Charles Baer certain life insurance policies having a fair market value of $16,805.91; by paying premiums amounting to $2,081.50 on those policies after their assignment; by paying premiums of $1,643.70 on life insurance policies assigned to Sidney R. Baer, Jr. and S. Charles Baer prior to 1935; and by paying premiums of $952 on life insurance policies issued in 1935 in favor of Sidney R. Baer, Jr. and S. Charles Baer. Sidney R. Baer filed a gift tax return for the year 1935 reporting these gifts, and paid the tax shown to be due thereon. On this gift tax return he claimed an exclusion of $5,000 for each of two donees, or a total of $10,000, and a specific exemption of $50,000. During 1936 Sidney R. Baer made total gross gifts of $13,301 as follows: by paying premiums of $3,301 on insurance policies on his life previously irrevocably assigned to Sidney R. Baer, Jr. and S. Charles Baer; and by transferring $10,000 in cash to the trust. Sidney R. Baer filed a gift *246 tax return for the year 1936 reporting these gifts and paid the tax shown to be due thereon. On this gift tax return he claimed an exclusion of $5,000 for each of two donees, or a total of $10,000. During 1937 Sidney R. Baer made total gross gifts of $30,500, as follows: by transferring to the trust shares of Stix, Baer and Fuller Company common stock of the fair market value of $18,125; and by transferring to his wife Marguerite S. Baer shares of Stix, Baer and Fuller Company common stock of the fair market value of $12,375. Sidney R. Baer filed a timely gift tax return for the year 1937 reporting these gifts and paid the tax shown to be due thereon. On this gift tax return he claimed an exclusion of $5,000 for each of three donees, or a total of $15,000. Sidney R. Baer, both before and after the transfer of property in 1937, was solvent and able to pay the deficiency determined in these proceedings. In his determination of liability for 1937 against petitioners as transferees, respondent, in computing the net gifts for that year: increased those gifts as shown by the gift tax return filed for that year on March 15, 1938 by Sidney R. Baer by $10,000 because of disallowing claimed *247 exclusions in that amount, the total exclusions claimed in that return being $15,000; increased net gifts made by Sidney R. Baer in 1935 as reported in his gift tax return for that year by $10,000 claimed as exclusions in that return; and also increased net gifts made by Sidney R. Baer in 1936 as reported in his gift tax return for that year by $10,000, representing the exclusions claimed in that return. These increases were made on the ground that the gifts by Sidney R. Baer in those years were of future interests and that exclusions thereof were, for that reason, not allowable. Notices of transferee liablity were mailed to all the petitioners, except Marguerite S. Baer, on December 19, 1941, and to her on February 24, 1942. The value of the interest in the gifts in trust received by each petitioner was, at the time it was received, in excess of the deficiency determined against Sidney R. Baer and in excess of the liability determined against that petitioner. Opinion TYSON, Judge: The first issue raised by the pleadings embraces the question of whether the statute of limitations bars collection of the gift taxes here involved from the petitioners as transferees. On March 15, *248 1938, Sidney R. Baer, as donor, filed a gift tax return for 1937 reporting gross gifts of $30,500. The three year period (section 517(a), Revenue Act of 1932, applicable here) within which a deficiency could be determined against the donor expired March 14, 1941. On December 19, 1941, the respondent sent notices of transferee liability for the gift tax deficiency determined against Sidney R. Baer to all the petitioners except Marguerite S. Baer. A similar notice was sent to Marguerite S. Baer on February 24, 1942. Section 526(b) (1) of the Revenue Act of 1932, also applicable here, provides that assessment of liability against a transferee may be made "within one year after the expiration of the period of limitation for assessment against the donor." It is therefore clear that the statute of limitations does not bar the assessment and collection of the gift tax here involved from any of the petitioners as transferees if they or any of them, are otherwise liable therefore, and we so hold. Were the gifts made in trust in 1937 gifts of future or present interest under Section 504(b) of the Revenue Act of 1932. [1]
*249 In that year Sidney R. Baer made gifts of the value of $18,125 to the trust and gifts to his wife Marguerite S. Baer of the value of $12,175. He claimed on his gift tax return for that year total exclusions of $15,000 for three donees. The respondent in his determination of transferee liabilities against the petitioners disallowed $10,000 of the claimed $15,000. It is not contended that the gifts to Marguerite S. Baer were of future interests. Under the terms of the trust instrument the trustee was to expend so much of the income from each share of the two beneficiaries as in his opinion was necessary for the proper care, maintenance and education of that beneficiary until he became twenty-five years of age, after which time the beneficiary was to receive the income currently. The principal, together with accumulated income from each share was to be paid the beneficiary of that share in installments when he became 30, 36, 42 and 48 years of age except in certain contingencies shown in our findings. In the taxable year the beneficiaries were thirteen and nineteen years of age respectively. It is clear that the gifts in trust were of future interests since neither during the year *250 when the gifts were made, nor during the taxable year, nor during the intervening years, did the beneficiaries of the trust or either of them, have the right to the present enjoyment of the income of the trust or the possession of its corpus, or any part thereof. Accordingly, we hold that the donor was not entitled to $10,000 of the $15,000 exclusion claimed for 1937 and that respondent did not err in disallowing the $10,000 as an exclusion in his determination of petitioners' liability as transferees. United States v. Pelzer, 312 U.S. 399; Welch v. Paine, 120 Fed. (2d) 141; Commissioner v. Taylor, 122 Fed. (2d) 714; Commissioner v. Brandegee, 123 Fed. (2d) 58; Lillian Seelingson Winterbotham, 46 B.T.A. 972; and Alma S. Hay, 47 B.T.A. 247. Since we have concluded above that the gifts in trust were gifts of future interests, the inquiry as to whether exclusions for 1935 are allowable is confined to the question of whether the gifts of the life insurance policies and the gifts represented by the *251 payment of premiums on life insurance policies made in that year constitute gifts of future or present interests, and if the latter, was the donor entitled to exclusions in the amount of $10,000 claimed on his return for that year and disallowed by respondent in his determination of transferee liability against petitioners for 1937. As to the life insurance policies, which Sidney R. Baer in 1935 irrevocably assigned to his two sons, we are of the opinion that they were gifts of present rather than of future interests, and so hold. The Supreme Court in United States v. Pelzer, supra, quoted with approval from Article 11, Treasury Regulations 79, 1933-1936 Editions, which declared that "future interests" include any interest or estate "whether vested or contingent limited to commerce in use, possession, or enjoyment at some future date or time." Conversely, "present interest" would include any interest which commences in use, possession, or enjoyment presently. The interests in the life insurance policies were of the latter kind. After the assignment, not only did the donor retain no interest whatsoever in those policies, but there was no interest therein *252 in any person other than the donees. The commencement of the use, possession, or enjoyment of the policies was not restricted, under the assignment, to any future time, but became effective immediately upon their transfer. Thereupon the donees acquired the immediate and absolute ownership of the policies and the exclusive right to sell or otherwise dispose of the policies which then had a fair market value, as stipulated, of $16,805.91. This was sufficient to make the transfer one of a present interest. Cf. Guggenheim v. Rasquin, 312 U.S. 254; Ryerson v. United States, 312 U.S. 260
This conclusion is in conformity with further provisions of Article 11, Treasury Regulations 79, supra, which are that "The term (future interests) has no reference to such contractual rights as exist * * * in a policy of life insurance, the obligations of which are to be discharged by payment in the future. But a future interest, or interests, in such contractual obligations may be created by the limitations contained in a trust or other instrument of transfer employed in effecting a gift." Thus, respondent's own regulations give the same *253 effect to the gift of life insurance policies as we do here, i.e., that the gift is not of a future interest as that term is used in section 504(b), supra. We hold that the donor of the gifts of the insurance policies was entitled to two exclusions of $5,000 each for 1935 and that respondent erred in including that amount in his computation of the transferee liability of petitioners. We likewise think the payment by the donor of premiums on insurance policies in 1935 made after their assignment to the donees was also a gift of a present interest. The donees then had complete ownership of the policies and a present right thereto and the premiums were paid to keep alive that ownership. The donees received an immediate benefit thereby. Thus the use, possession and enjoyment of the policies inured to the benefit of the donees thereby making their interests in the premiums present ones. But for the purposes of the allowance of the two exclusions of $5,000 each in 1935, it is unnecessary to consider the premiums since the two exclusions which we have held to be allowable can be taken as against the insurance policies alone inasmuch as those policies had a value of $16,805.91 and consequently *254 was in excess of the $10,000 allowable for two exclusions. The cases cited by respondent, United States v. Pelzer, supra;Ryerson v. United States, supra;Commissioner v. Boeing, 123 Fed. (2d) 86; are not apposite here because the facts in all those cases involved gifts in trust under which the use, possession, and enjoyment of the interests of the beneficiaries in the trust were postponed to some future time solely by reason of the provisions of the instruments creating the trusts. The same may be said of the application of similar principles in our recent decision of Frances P. Bolton, 1 T.C. 717. Also in our more recent decision in Joe J. Perkins, 1 T.C. 982, the conclusion that the gift of insurance policies involved was of a future interest was based upon the provisions of a written instrument by which the gift of policies was made. Did the gifts made by Sidney R. Baer in 1936 constitute gifts of a present or a future interest? We are of the opinion, for reasons stated with reference to the premiums paid in 1935, that the payment *255 of $3,301 in 1936 as premiums on insurance policies on his life previously assigned to Sidney R. Baer, Jr. and S. Charles Baer constituted gifts of a present interest, but that his transfer in that year of $10,000 in cash to the trust constituted a gift of a future interest. The claim of Sidney R. Baer for exclusions $10of,000 for the gifts made in 1936 is not allowable, except as to the $3,301 paid as premiums on life insurance policies, and we so hold. The next issue presented is whether petitioners, or any of them, are liable as donees or transferee for the gift tax liability of the donor Sidney R. Baer. They contend that Section 510 of the Revenue Act of 1932 [2] does not impose a liability at law on either of them and consequently, that there could be no liability of either, since the donor is shown to be solvent and moreover the statute of limitations bars assessment and collection of the tax as against the donor. Their contentions as to their liability at law and as to the solvency of the donor are conclusively answered against the petitioners by the decisions and discussions in Evelyn N. Moore, 1 T.C. 14 and Fletcher Trust Co., Trustee, 1 T.C. 798; *256 and their contention as to the effect of the statute of limitations barring assessment and collection of the tax from the donor is likewise answered in Evelyn N. Moore, supra.In this connection it is to be noted that S. Charles Baer and Sidney R. Baer, Jr., petitioners in docket numbers 109867 and 109868 being beneficiaries in the trust were donees. Helvering v. Hutchings, 312 U.S. 393 and thus occupying the same status, in that particular, as that occupied by the donee in the Moore case, supra. On authority of that case and Fletcher Trust Co., Trustee, supra, we hold that Sidney R. Baer, petitioner in docket number 109681, is liable as trustee and transferee for the gift tax liability determined against him as such by the respondent; and that the other petitioners respectively, are each liable for the gift tax liability determined by the respondent against each of them respectively as donee and transferee; except that as such liability of each petitioner is affected by our holdings above with reference to exclusions.
*257 A preliminary question to the one last above considered as it relates to docket numbers 109867, 109868 and 110212 is whether there is any gift tax due from Sidney R. Baer as donor and transferor on his gifts made in the various years. Petitioners in those docket numbers make no argument that such tax is not so due, and we therefore consider the issue involving this question as abandoned. Neither of the petitioners on brief, or otherwise, argues that the value of the property received by each was not in excess of the amount of the (liability determined against each by the respondent) deficiency in tax due from the donor, Sidney R. Baer, and while for this reason this issue may also be deemed as abandoned, we have nevertheless, from all the facts of record found as a fact that the property received by each petitioner was in such excess. No argument or suggestion is made by any petitioner transferee that his or her liability as such is less, for any reason, than that of any other petitioner transferee, and we consequently give no consideration to such a question (regarding it, if embraced in the pleadings, as an issue as also abandoned by each of petitioners). Decision will be *258 entered under Rule 50. Footnotes
1. Section 504. NET GIFTS. * * * (b) Gifts Less Than $5,000. - In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.↩
2. Section 510. LIEN FOR TAX. The tax imposed by this title shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made. If the tax is not paid when due, the donee of any gifts shall be personally liable for such tax to the extent of the value of such gift. Any part of the property comprised in the gift sold by the donee to a bona fide purchaser for an adequate and full consideration in money or money's worth shall be divested of the lien herein imposed and the lien to the extent of the value of such gift, shall attach to all the property of the donee (including after-acquired property) except any part sold to a bona fide purchaser for an adequate and full consideration in money or money's worth. If the Commissioner is satisfied that the tax liability has been fully discharged or provided for, he may, under regulations prescribed by him with the approval of the Secretary, issue his certificate, releasing any or all of the property from the lien herein imposed.↩