Edna C. Weathers v. Commissioner.
Weathers v. Commissioner
Docket No. 112756.
United States Tax Court
1943 Tax Ct. Memo LEXIS 108; 2 T.C.M. (CCH) 804; T.C.M. (RIA) 43428; September 21, 1943
*108 Richard D. Duncan, Esq., for the petitioner. Myron S. Winer, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: This proceeding involves the redetermination of a gift tax deficiency for the year 1940 in the amount of $520.68. In determining the deficiency, respondent increased petitioner's "gifts made in prior years" by $25,000 by disallowing five $5,000 exclusions taken in connection with five gifts in trust made in 1935. The sole issue is whether such gifts were of future or present interests within the meaning of section 1003 (b) of the Internal Revenue Code. If the former gifts were of future interests, then respondent properly disregarded, in computing petitioner's 1940 gift tax liability, the exclusions claimed in the 1935 gift tax return and allowed without objection at the time. [The Facts] Petitioner is a resident of Short Hills, New Jersey. Her 1940 gift tax returns were filed with the collector of internal revenue for the fifth district of New Jersey. On December 28, 1935, petitioner created seven trusts, one for the benefit of each of her children. Only the trusts for the benefit of her five younger children are involved in the instant proceeding. *109 These five trusts are identical in all respects material to the issue within. By the terms of each, petitioner set over to herself and Oswald L. Johnston. as trustees, certain securities valued at $14,161.25. To the trustees were given the many powers respecting the administration of the trust estate common in arrangements wherein are reposed in the trustees broad powers of control. So much of a typical dispository clause as is here pertinent follows: FIRST: The Trustees shall hold, invest and reinvest the Trust Estate and shall receive and collect the income therefrom, and during the minority of BRANTLEY PAUL WEATHERS, a son of the Grantor, shall apply and use the net income therefrom or so much thereof and also so much of the principal of the Trust Estate as the Trustees at the time acting in their absolute discretion may consider necessary and proper for the support, education and maintenance of said Brantley Paul Weathers, and when he shall attain the age of twenty-one years, the Trustees shall transfer and pay over to him all accumulations, if any, of such net income. * * * The exercise by the Trustees of the discretionary powers herein given with respect to the application *110 of income and principal for the benefit of said Brantley Paul Weathers shall be conclusive upon all persons interested hereunder and shall not be subject to any review whatsoever. At the time the trusts were created the ages of the five younger children ranged from 9 to 19 years. The trustees, during the minority of each of the three children who have since become of age did, in fact, distribute to them or for their use a sum approximating, but not quite equalling, the amount of income arising within that period from the trust corpus. Likewise, the trustees have distributed the greater part of the income from the trusts for the two children who continue to be minors. [Opinion] Petitioner concedes that, as respects the corpus of each of the five trusts, the gifts were of future interest. She contends, however, that each beneficiary was the recipient of a present right to the income from the trust property and, accordingly, that here there were also five gifts of present interests to be valued by application of the method provided in article 19 of Regulations 79. The propriety of this contention is dependent upon the terms of the trusts. Express language contained within the *111 dispository clause of each trust instrument provides that the income from the trust, as well as the principal thereof, shall be applied and used by the trustees for the support, education and maintenance of the beneficiary to the extent thought necessary in the trustees' sole discretion. Any question regarding the inclusiveness of the discretion confided with the trustees is removed by the further statement that the trustees' use of their discretionary powers with respect to the application of income and principal shall be conclusive upon all persons interested and subject to no review. A more unequivocal expression could scarcely be conceived. It is contemplated, moreover, that the trustees shall accumulate such portion of the trust income above that which they deem necessary for the named purposes, such accumulations to be paid over to the beneficiary upon his attaining his majority. Since the Supreme Court rendered its decision in United States v. Pelzer, 312 U.S., 399, we have repeatedly held that, in instances where the portion of income to be distributed to beneficiaries of a trust is subject to the uncontrolled judgment and discretion of the *112 trustees, such gifts of income constitute gifts of future interests against which no exclusions are allowable. Lillian Seeligson Winterbotham, 46 B.T.A. 972; Alma S. Hay, 47 B.T.A. 247; Estate of Simon Guggenheim, 1 T.C. 845; Mary M. Hutchings, 1 T.C. 692, (on appeal CCA-5th); Estate of W. W. Fondren, 1 T.C. 1036, (on appeal CCA-5th); Alma M. Myer, 2 T.C. 291. The same conclusion has been reached by Circuit Courts of Appeals for several circuits. See Commissioner v. Phillips' Estate, et al., (CCA-5), 126 Fed. (2d) 851; Welch v. Paine, et al., (CCA-1), 130 Fed. (2d) 990; Commissioner v. Taylor, (CCA-3), 122 Fed. (2d) 714; and cases cited therein. The decisions in all the above cases were impelled by the rather obvious fact that the right to the enjoyment of income is not immediate and unrestricted and, hence, not present where it is dependent upon the discretion of someone else. They are conclusive *113 upon the issue here. Petitioner urges that we should hold in her favor since her purpose in creating the trusts was to meet a present need of the beneficiaries that of their support, education and maintnnance. In advancing this argument petitioner relies heavily upon Smith v. Commissioner, 131 Fed. (2d) 254. That decision. rendered by the Circuit Court of Appeals for the Eighth Circuit, with one judge dissenting, appears to incorporate the sole pronouncement which would tend to breach the equanimity of opinion respecting the instant issue. We say "tend" for the majority absolved itself from a specific intent to disagree with other circuits by seeking to distinguish the facts there presented from those involved in the cases which seemed to call for an opposite conclusion. Moreover, there was no specific provision in the trust instrument there under consideration for the accumulation of income. None the less, the Smith case has been criticized. The Ninth Circuit, in Fisher v. Commissioner, 132 Fed. (2d) 383, said: * * * We think the case * * * rests on an insecure foundation, being based, as it is, on the court's *114 view of the purpose of the settlor. See also our comment in Estate of Simon Guggenheim, supra. Be that as it may, we think petitioner's contention is fully answered by this very apt language in the case of Welch v. Paine, supra, which we quote: Counsel seek to distinguish these cases [Commissioner v. Taylor, supra; Commissioner v. Phillips' Estate, supra, and others] on the ground that in them the settlor's basic or primary purpose was the accumulation of the income for future distribution, with only a subordinate or incidental authority in the trustee to make advancements of current income as he might deem advisable for the support and maintenance of a beneficiary. In the case at bar it is said that the settlor's primary purpose is "that the discretionary powers of the fiduciary are to be exercised, from the very moment of the gift, with a view of the current needs of the beneficiaries"; in such a case, the argument goes, the interest of the beneficiaries cannot be considered as limited to commence in enjoyment at some future time. The wording of the statute affords *115 no basis for such a distinction; its application in the administration of § 504 (b) [the prior counterpart of section 1003 of the Internal Revenue Code] would make for uncertainty and confusion, depending as it would upon a weighing of the relative emphasis placed by the settlor on accumulation and current distribution in defining the trustee's discretionary power. That a substantial portion of the trust income was, in fact, distributed for the use of the beneficiary in the case of each trust is immaterial. This circumstance resulted purely from the exercise by the trustees of their discretionary powers, not by reason of the nature of the gifts. Commissioner v. Brandegee, 123 Fed. (2d) 58; Lillian Seeligson Winterbotham, supra. We hold that the gifts of trust income made in 1935 by petitioner were gifts of future interests. In computing petitioner's 1940 gift tax liability respondent did not err in increasing net gifts made in 1935 by $25,000, the amount of five exclusions to which petitioner was not entitled. Decision will be entered for respondent